# United States District Court
# District of Connecticut

James McKinnon       Case no. 3:03CV71(JBA)(JGM)
  100 770
  Plaintiff
                                December, 4, 2003

V.

Jose Delgado; ET AL
John La HDa
Helen Dorsey
Sandy Orleman
Yolanda Zayas
Thankappan
Akeem Hashing
Bruono
Kozikowski
Frank
Defendants' Individual Capacity

Plaintiff Respectfully Response To Court Ruling and Order Dated November 19, 2003 First Amended Compliant Plaintiff attached motion To Amend Complaint To add Federal Rule 28, C.F.R. § 35.190 an ADA claim, Also To Amendment Short, Concise statement of material Facts Federal Rule 15,(C)(b)

James McKinnon
James McKinnon pro se
Cheshire C/O, Highland Avenue
cheshire CT 06410

1. Plaintiff James McKinnon prose request that under this short concise statement be amended to the material facts that was respectfully submitted with the forthgoing Amended Compliant information.

2. Plaintiff is a disabled prisoner and have right under the Americans with disabilities Act of 1990 (ADA). please see; 42 U.S.C. § 12101 ET seq.

3. Which provides that as of January 1992 "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. please see; 42 U.S.C. § 12132.

4. These "public entity" provisions are often refereed to as Title (2) of the ADA There are also employment discrimination provisions, referred to as Title (1). please see; 42. U.S.C. § 12112.

5. Previously, this ban on discrimination against the disabled applied only to federally funded agencies under Section 504 of the Rehabilitation Act of 1973. please see; that statute provides, "no otherwise qualified individual shall solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal—

By: James McKinnon
James McKinnon prose
900 Highland Avenue
Cheshire CT 06410

— assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794. Congress has made it clear that any governmental department or agency receiving Federal money is subject to the Rehabilitation Act in all its operations, even if the particular program in dispute does not receive such funds. please see, Schroeder v. City of Chicago, 927 F.2d 957, 962 (7th Cir. 1991).

6. A "public entity" is defined in the ADA as including" any "state or local government" or any department, agency special purpose district, or other instrumentality of a state or states or local government; please see; 42 U.S.C. § 12131 (1)(A,B) (emphasis supplied).

7. This definition clearly includes correction departments and other agencies that operate prisons and jails, please see; Clarkson v. Coughlin, 145 F.R.D. 339, 348 S.D.N.Y. 1993) permitting prisoners to amend complaint to add an ADA claim). The Federal regulations issued under the ADA acknowledge this point by identifying the Department of Justice as the agency that is to implement compliance procedure concerning state and local correctional facilities. 28 C.F.R. § 35 190. There is no dispute that the Rehabilitation Act applies to prisons, please see; Harris v. Thigpen 941 F.2d 1495, 1521-22 (11th Cir. 1991); Bonner v. Lewis 857 F.2d at 561-64, Casey v. Lewis, 773 F. Supp at 1370-72.

By x /s/ James McKinnon
James McKinnon prose
900 Highland Avenue
Cheshire CT 06410

8. Some courts have suggested that if a particular prison is unable to provide the necessary care, the prisoner must be moved to a facility that can provide it; please see; Payne v. Lynagh, 843 F.2d 177, 178-79 (5th Cir. 1988, Yarbaugh v. Roach, 736 F. Supp. at 320 n. 7; Villa Franzen, 511 F. Supp 231, 233-34 (N.D. Ill. 1981

9. It is not unlawful to send a seriously disabled person to prison as long as proper care is supplied; please see; People v. Superior Court (Beasley) 154 Cal. App. 3d 131, 205 Cal. Rptr. 413, 416 (Cal. App. 1984) Commissioner v. Coburn, 336 Pa. Super. 203, 485 A.2d 502, 505 (Pa. Super. 1984).

10. For the plaintiff to take advantage of ADA means plaintiff has a physical mental impairment that substantially limits one more of the major life activities of an individal, Being regarded as having such an impairmet, please see; 42 U.S.C. § 12102(2).

11. This definition is comparable to the definition of "handicap" under the Rehabilitation Act., please see; 29, U.S.C. § 706 (7)(B)

By James McKinnon
James McKinnon Prose
900 Highland Avenue
Cheshire CT 06410

12. The Rehabilitation Act case law on this point will be very relevant in ADA case; under the Rehabilitation Act, people with infectious diseases are considered handicapped; plaintiff has a infectious diseases Hepatitis "C" a inflammation of the liver. please see; School Bd of Nassau County v. Arline 480 U.S. 273, 282-86, 107 S. Ct. 1123 (1987).

13. This category includes inmates infected with the (Human immunodeficiency virus) also (AIDS); plaintiff has H-I-V,. please see; Harris v. Thigpen 941 F.2d at 1522-24 Casey v. Lewis 773 F. Supp. at 1370-72.

14. Congress intended the ADA to cover such persons as well, please see; S. Rep. No 116, 101st Cong 2d Sess, pt. 3.28 (1990) cited in Burgdorf the Americans with disabilities Act: Analysis and Implications of a Second Generation Civil rights Statute 26, Harvard Civil Rights-Civil Liberties Law Review 413, 447 n. 175 (1991)

15. include conducting self evaluations of their compliance and adopting a procedure for handling complaints; please see; 28, C.F.R. §§ 35.105, 35.106 107.

By James McKinnon
James McKinnon pro se
900 Highland Avenue
Cheshire CT 06410

## Certificate

James McKinnon case no. 3:03CV71(JBA)(JGM)
 100770
   Plaintiff

V.

Jose Delgado; ETaL

Plaintiff above certifies through this attachment that this claim To be True and To the best of my ability on This 4 day December '2003

By: James Lee McKinnon
James Lee McKinnon prose
900 Highland Avenue
Cheshire CT 06410