United States District Court

District of Connecticut

Amended

Civil Rights Complaint

FILED
2004 JAN -6 P 2: 26
US DISTRICT COURT
BRIDGEPORT CT

James McKinnon    case, 3:03cv71(JBA)(JGM)
100 770
Plaintiff

December 29, 2003

V.

Jose Delgado, ETaL
John LaHDa
AKeem Hashing
  Bruono
  Kozikowski
  Frank
  Thankappan
Sandy Orleman
Yolanda Zayas
Helen dorsey
Defendants'  Individual Capacity

A. parties

1. Plaintiff James McKinnon is a citizen of United States whose address is walker Receptional Special Management unit 1153, East Street South Suffield Connecticut 06078 Inmate number 100 770.

By: James Lee McKinnon
James Lee McKinnon prose
walker Reception unit
1153-East Street South
Suffield Connecticut
06078

(1)

2. Defendants are citizens of United States whose address is garner Correctional 50' nunnowauk Road newTown Connecticut 06470.

3. Defendant Jose Delgado is employed as Captain unit manager in garner Correctional.

At the Time the claim's alleged in this complaint arose was this defendant acting under color of State law? yes plaintiff explain

The defendant approved use of four point restraints shift Supervisor.

4. Defendant is employed as Treatment major garner Correctional. John LaHDa."

At the Time the claim's alleged in this complaint arose was this defendant acting under color of State law? yes plaintiff explain

The defendant has removed the administrative directive 9.4. from the law library to preventing the plaintiff efforts to pursue a legal claim.

By× James Lee McKinnon
James Lee McKinnon pros
Walker Reception unit
1153-East Stree-Suth
Suffield Connecticut
06078

5. Defendant Akeem Hashing is employed as a P.S.W, mental Health Counselor in garner Correctional.

At The Time The claim's alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain

The defendant did not notify employ's The plaintiff mental Health Status was not in need of four point restraints from self injury.

6. Defendant Thankappan is employed as psychiatrist in garner Correctional.

At The Time The claim's alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

The defendant Thankappan Authorized Two needle's of medication in The plaintiff leg against my will.

7. Defendant Frank is employed as a nurse in garner medical.

At The Time The claim's alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

By James Lee McKinnon
James Lee McKinnon
Walker Reception
1153-East Street So
Suffield Connecticut
06078

②

medication in the plaintiff leg against my will.

8. Defendant Bruono is employed as Correctional officer in garner prison.

At The Time of Clam's' alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

The plaintiff was in four point restraints This officer was on top of the plaintiff with a shell covering for two needle's in the plaintiff leg of medication against the plaintiff will.

9. Defendant Kozikowski is employed as Correctional officer in garner prison

At The Time The clam's' alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

The plaintiff was in four point restraints 6-27-02 This officer was on top of the plaintiff covering one side of a shell for two needle's in the plaintiff leg against plaintiff will.

By x James Lee McKinnon
James Lee McKinnon prose
Walker Reception Unit
1153- East Street South
Suffield Connecticut
06078

(3)

10. Defendant Sandy Orleman is employed as a nurse in garner Correctional.

At the time the clam's alleged in this complaint arose was this defendant acting under color of state law? yes plaintiff explain.

The defendant Sandy Orleman is the nurse to have checked on the plaintiff and relaxed periodically the plaintiff restraints that was not provided the purpose of causing serious pain a violation of plaintiff rights under the Eighth Amendment also in violation plaintiff notified staff of the fact a need for bodily functions that the nurse came much later one hour at time plaintiff wet the bed with no sheets and when the nurse came plaintiff was to stay on a wet bed and cold a violation of plaintiff righs under the Eighth Amendment.

11. Defendant Yolanda Zayas is employed as a medical records employee.

At the time the clam's alleged in this complaint arose was this defendant acting under color of State law? yes plaintiff explain.

Defendant Yolanda Zayas the plaintiff was told by this record employee I can't have the information untill plaintiff sign. Then when the plaintiff ask to view the restraint paper the employee Yolanda Zayas did not have it.

By x James Lee McKinnon
James Lee McKinnon prose
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078

⑤

12. Helen Dorsey is employed as medical "Svcs" admin Boss in prison

AT The Time The claim's alleged in This complaint arose was This defendant acting under color of STate law? yes plainTiff explain.

DefendanT Helen Dorsey is also on plainTiff grievance form Level B, with DaTe 12-31-02 her The DefendanT Disposition is saying iT's no medical information matt-s-on record from 6-27-02 of plainTiff in four point restraints. Greason v. Kemp, 891 F.2d aT 837-40 (prison clinic director, prison system menTal Health director, and prison warden could be found deliberately indifferend based on Their knowing Toleration of a "clearly inadequate" menTal HealTh STaff).

By x /s/ James Lee McKinnon
James Lee McKinnon prose
Walker ReceoTIon uniT
1153- East-STreeT-SouTh
Suffield ConnecTicuT
06078

The failure To Train correctional sTaff To deal with menTally ill prisoners can also constitute deliberate indifference. Please see; Langley v. Coughlin, 709 F. Supp. aT 483-85; Kendrick v. Bland, 541 F. Supp. 21, 25-26 (W.D. Ky. 1981 also please see; Sharpe v. City of Lewisburg, Tenn, 677 F. Supp. 1362, 1367-68 (M.D.Tenn. 1988) failure To Train police To deal with menTally disTurbed individual supporTed damage award).

By x /s/ James McKin

"Memorandum Support"
"Four point restraints"

13. Only inmates in restrictive housing may be placed in four-point restraints, please see, DOC adm. Dir. 6.5(8)(B).

14. Such restraints must be "soft, wide and flexible. please see; DOC Adm. Dir 6.8(8)(C).

15. and can only be used "when it is necessary to protect the inmate from self injury. please see; Doc Adm. Dir. 9.4, Attachment A.

16. The use of four point restraints must be approved by the shift supervisor, the Unit Administrator must be notified within one hour of the decision. The shift supervisor must review the inmate's status every two hours, the inmate must be observed by staff at least every .15, minutes and checked by medical staff every two hours. If medically "necessary to allow proper circulation," an inmate's restraints should be relaxed periodically. The facility administrator should review the inmate's status every eight hours and must notify the Doc Regional Director if the inmate is left in four point restraints for over 24 hours.

17. The Doc requires that "adequate accommodations be made to relieve an inmate of necessary badily functions. please see; Doc Adm. Dir 6.5(8)(C).

By: *James Lee McKinnon*
James Lee McKinnon pros
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078

(6)

# Memorandum Support

18. Psychiatric Treatment may not be used for disciplinary purposes, please see, Nelson v. Heyne, 491 F.2d 352, 356-57 (7th Cir.) Tranquilizers could not be used to keep order)

19. The courts have required that the use of seclusion and restraint be restricted to legitimate medical health purposes, subjected to close medical supervision, and conducted in a humane manner. please see; Wells v. Franzen, 777 F.2d 1258, 1261-62 (7th Cir. 1985) restraint must be based on professional judgement; nature and duration must be reasonably related to it's purpose); written records required); Jones v. Thompson, 818 F. Supp. 1263, 1268 (S.D. Ind. 1993)(Five day "hog lying" of detainee was unconstitutional); United States v. State of Michigan, 680 F. Supp. 928, 977, 982-83 (W.D. Mich. 1987) (similar to Campbell); Inmates of Allegheny Jail v. Wecht 565 F. Supp. 1278, 1285 (W.D. Pa. 1983)(inmates not to be restrained without clothes or mattress); Wheeler v. Glass, 473 F.2d 983, 987 (7th Cir. 1973) use of restraints for discipline was unconstitutional); Ferola v. Moran, 622 F. Supp. 814, 821-25 (D.R.I. 1985)(Conditions of shackling, lack of medical supervison, and absence of policy held unconstitutional); Burks v. Teasdale, 492 F. Supp. 650, 679 (W.D. Mo. 1980) (lack of written policy governing restraint and seclusion was unconstitutional);

20. Owens-El v. Robinson, 457 F. Supp. 984, 990-91 W.D. Pa.- 1978) inmates in restraints to have mattresses and clean bedding; medical authorization and record-keeping required)

By: James Lee McKinnon
James Lee McKinnon prose
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078

⑦

## Memorandum Support

21. These protections are the minimum required by the Federal Constitution; state law may provide greater safeguards; Please see; Most states have statutes and administrative regulations governing these medication. Court, 148 Ariz. 229, 714 P.2d 399, 408-09 (Ariz. 1986) (en banc) (for prisoners, valid medical, not security or administrative, reason are required, along with a treatment plan that complies with state statutes governing civilly committed patients; citing state constitution); Riese v. St Mary's Hospital and Medical Center, 209 Cal. App. 3d 1303, 271 Cal. Rptr. 199, 210-13 (Cal. App. 1987), review dismissed, 259 Cal. Rptr. 669, 774 P.2d 698 (Cal. 1989) (competent patients can refuse; incompetence must be determined judicially, and medication of incompetent person for more than 14 day's requires consent of relative, guardian or conservator; state statutes cited); People v. Medina, 705 P.2d 961 (Colo. 1985) (en banc) competent patients can refuse; incompetence must be determined judicially by clear and convincing evidence; patients have the right to counsel; state statutes and common law cited); (Rogers v. Commissioner of Dept. of Mental Health, 390 Mass. 489, 458 N.E.2d 308 (Mass. 1983) competent patients may refuse; incompetence must be determined judicially, and the court shall make the treatment decision; state statutes cited); Rivers v. Katz, 67 N.Y.2d 485, 495 N.E.2d 337, 343-44, 504 N.Y.S.2d 74, 81-82 N.Y.1986) (judicial determination of incompetence required; state constitution cited) in re K.K.B., 609 P.2d 747, 751-52 (Okla. 1980) (a competent patient may refuse; incompetency must be decided by a court and a guardian appointed to make informed decison whether to consent.)

By: *James Lee McKinnon*
James Lee McKinnon pro se
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078