# Memorandum Support Plaintiffs' Exhibits

1. The statute require defendants to change the way they operate, to provide additional services, and to make physical renovations if necessary to avoid excluding disabled persons from programs and services. The Rehabilitation Act standard, which will almost certainly be applied under the ADA, calls for "reasonable accommodations" to permit handicapped persons to participate in prison programs.

2. Accommodations are only deemed unreasonble if they impose undue financial and administrative burdens, please see, Southeastern Community College v. Davis, 442 U.S. 397, 412, 99 S.Ct 2361 (1979) quoted in Harris v. Thigpen, 941 F.2d at 1527.

3. To take advantage of the ADA plaintiff must be a qualified individual with a disability under ADA.

4. A physical mental impairment regarded as having such an impairment, please see, 42 U.S.C. § 12102(2), plaintiff has mental impairments.

5. This definition is comparable to the definition of "handicap" under the Rehabilitation Act, please see; 29 U.S.C. § 706 (7)(B).

By: *James Lee McKinnon*
James McKinnon pro se
Walker Reception Unit
1153 East Street South
Suffield, CT 06078

(1)

Memorandum Support
Plaintiff's Exhibits

6. Under the rehabilitation Act people with infectious diseases are considered handicapped, please see, School Bd. of Nossau County v. Arline 480 U.S. 273, 282-86, 107 S.CT. 1123 (1987).

7. This category includes inmates infected with the Human immunodeficiency virus, please see, Harris v. Thigpen 941 F.2d at 1522-24; Casey v. Lewis, 773 F. Supp. at 1370-72.

8. Congress intended the ADA to cover such persons as well, please see, S. Rep. no. 116, 101 st Cong 2d Sess, pT. 3, 28 (1990) cited in Burgdorf, The Americans with disabilities Act: Analysis and Implications of a Second-Generation Civil Rights Statute 26 Harvard Civil Rights Civil Liberties Law Review 413 497 n-175 (1991).

9. These obligations include conducting self evaluations of their compliance and adopting a procedure for handling complaints, please see, 28 C.F.R. §§ 35.105, 35, 107.

10. A "public entity is defined in the ADA as including any state or local government "or any deparment agency special purpose district or other intrumentality of a state or states or local government, please see, 42 U.S.C. § 1213(1)(A B) (emphasis supplied).

By: James Lee McKinnon
James Lee McKinnon pro se
Walker Reception Unit
1153-East-Street-South
Suffield Connecticut
06078

(10)

# Memorandum Support
# Plaintiff Exhibits

11. This definition clearly includes correctional departments and other agencies that operate prison and jails; please see; Clarkson V. Coughlin, 145 F.R.D. 339, 348 S.D.N.Y. 1993) permitting prisoners to Amend Complaint to add an ADA Claim. The Federal regulations issued under the (ADA) acknowledge this point by identifying the Department of justice as the agency that is to implement Compliance procedure concerning state and local Correctional facilities. 28 C.F.R. § 35.190 There is no dispute that the Rehabilitation Act applies to prisons.

12. Plaintiff is a disabled prisoner and respecfully have rights under the Americans with Disbilities Act of 1990 (ADA); please see; 42 U.S.C. § 12101 et seq.

By× *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception Unit
1153- East- Street- South
Suffield Connecticut
06078

(1)

Statement of Material Facts under the Americans with Disabilities Act, Clinical Facts To Support plaintiff's Claim's are Exhibits (ADA) Act, 42 U.S.C. § 12101, et seq

1. Exhibit "A" is Connecticut Department of Correction's medical physician's orders 2-4-03 is mental health medication ordering; wellbutrin 100'mg also Clonidine 0.2 mg & Topiramate 50'mg.

2. Exhibit "B" is plaintiff medical report from disease specialist doctor James O'Halloran Dated 1-22-03 is plaintiff viral C-D-4 count.

3. Exhibit "C" is also plaintiff C-D-4-Human immunodeficiency virus count dated 11-20-02 from same specialist Doe v. Meachum Doctor mr, James O'Halloran Health screening.

4. Exhibit "D" is also from plaintiff mental health Doctor mr, Daniel Bannish, psy.D dated February 4, 2003.

By: *James Lee McKinnon*
James Lee McKinnon Pro se
Walker-Reception-Unit
1153-East-Street-South
Suffield Connecticut
06078

Statement of material facts under the Americans with Disabilities Act. Clinical facts to support plaintiffs' claim's are Exhibits' (ADA) Act 42 U.S.C. § 12101 etseq.

5. Exhibit "E" is from plaintiff mental Health Doctor saying the medication has expir 5'day's plaintiff without mr, Daniel Bannish psy-D

6. Exhibit "F" is to say plaintiff mental Health Level is #3 Also medical.

By x /s/ James Lee McKinnon
James Lee McKinnon Prose
Walker Reception unit
1153- East-Street-South
Suffield, CT 06078