UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAY 25  P 2: 45

U.S. DISTRICT COURT
BRIDGEPORT, CONN

JAMES McKINNON              :

v.                          :      PRISONER
                                   NO. 3:03cv71 (JBA)

JOSE DELGADO, et al.        :

RULING ON PENDING MOTIONS

I.  Motion for Emergency Immediate Relief ("Access to Court")
    [doc. #32]

Plaintiff has filed a motion seeking an injunction ordering Unit Manager Captain Burke and Counselor Cordaro to refrain from "furthering hindering violations." Plaintiff asks the court to order that he be provided with five free legal envelopes per week to cover his 14 pending cases, instead of the five free envelopes per month that are provided to indigent inmates. Plaintiff states that he is not timely receiving his legal mail as demonstrated by his receipt of fourteen pieces of legal mail on one day and another one 9 days after it was received by the prison.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)).

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000). Where the moving party seeks a mandatory injunction, i.e., injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested "will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits," the moving party must make a stronger showing of entitlement. Brewer, 212 F.3d at 744 (internal quotation marks and citation omitted). A mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested" or where "extreme or very serious damage will result from a denial of preliminary relief." Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985)(citations omitted).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be

demonstrated. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that an evidentiary hearing is not necessary in this case.

The court must have in personam jurisdiction over a person before it can validly enter an injunction against him. See Doctor's Assocs., Inc. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order

3

against a person who is not a party and over whom it has not acquired in personam jurisdiction.").

Captain Burke and Counselor Cordaro, both assigned to MacDougall-Walker Correctional Institution, are not defendants in this case. Thus, the court lacks the power to issue any order directing their actions.

Although plaintiff alleges delay in receipt of legal mail, he has not identified that any defendant in this case is claimed to be responsible for the delay. In addition, he has identified no specific harm caused by this alleged delay, only general reference to hindering his filing deadline.

Plaintiff seeks free envelopes and postage for his legal mail in excess of that provided to indigent inmates according to prison rules. The court takes judicial notice of the settlement papers filed in McKinnon v. Trestman, et al., No. 3:02cv2305(WWE) (D. Conn. Feb. 23, 2004). Plaintiff settled the case in exchange for $750.00. Thus, plaintiff no longer is indigent and he is not entitled to free envelopes. In addition, plaintiff does not demonstrate any specific irreparable harm that will result if this motion is denied.

Plaintiff's request for preliminary injunctive relief [doc. #32] is DENIED.

4

II. <u>Motion to Amend [doc. #30]</u>

On December 11, 2003, plaintiff filed a motion seeking leave to file an amended complaint to include a claim pursuant to the Americans With Disabilities Act. On January 6, 2004, the court accepted for filing a second amended complaint dated December 29, 2003, which alleges, *inter alia*, violation of the Americans With Disabilities Act. Accordingly, plaintiff's motion to amend [**doc. #30**] is **DENIED** as moot.

III. <u>Motion for Copy [doc. #33]</u>

Finally, plaintiff seeks a copy of the amended complaint to enable him to provide service copies to the court. Plaintiff's motion [**doc. #33**] is **GRANTED**. The Clerk is directed to send plaintiff a copy of the second amended complaint [doc. #36] with this ruling.

IT IS SO ORDERED.

_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut:   May 20, 2004**