United States District Court

District of Connecticut

FILED
2004 JUN 22 P 4:25
U.S. DISTRICT COURT

James McKinnon

VS.

John LaHDa, ETaL
Dilworth
Burgos

Prisoner
Case no. 3:03CV71
(JCH)

May 28, 2004

## Plaintiff Moves for Appointment of Counsel Motion.

The plaintiff respectfully seeks the Court to Appointment of Counsel Pro Bono in this case pursuant 28 U.S.C. § 1915(d), And 42 of the United States Code § 1988 (1999) And ConnGen STaT, § 52-400 for the following reasons the Court should consider Appointment of Counsel.

1. The plaintiff James McKinnon who is currently being held AT M.C.I, has been granted the request to proceed without prepayment of fees or costs under 28 U.S.C. § 1915, were this case civil complaint clearly established defendants Acted under color of law and deproved the plaintiff of Federal (guarantee) Rights. Citing. BERG v. Coonty of Allegheny, 219 F.3d 261 (3d con. 200).

1 of 4

2. The court should consider plaintiff unable to employee counsel pursuant 28 U.S.C. § 1915(d), for requesting counsel representation, citing Bond v. Smith, 430 U.S. 817, 97 S.Ct. 1991 (1977), and Tand v. Hutto, 467 F.Supp. 562 (E.D. VA. 1979).

3. The Court should consider also appointment of Counsel where counsel is able to explain the applicable legal principles to the complainant and limit litigation to potentially meritorious issues. In adition. Appointment of counsel provides the unlettered plaintiff with an opportunity to obtain the repesentation equally qualified with the professional counsel usually provided by the states for the defendants, citing Wright v. Dallas County Stteriffs-Dept. 660 F.2d (1981), quoting Kinghton v. Walkins, 616 F.2d 759 (5th Cen. 1980).

4. The Court should consider appointing Counsel in this case do to the plaintiff Mental Health statuts which is relevant at all times to this action see (DKT. nos 53, 60) citing Hamiltion v. Leavy, 117 F.3d 742, 749 (1997).

5. The court should consider appointment of counsel in this case were the plaintiff is unable to present the case do to the lacking of legal materials, and

6. Jail house Lawyer Assistance. The plaintiff has no law school education and legal issues are To complex To litigate himself nor does the Dept. of Corrections provides adequate law libaray contaning upto date materials for Shepherdicing This This case. Citing <u>YouwGER V. Gilmore</u>, you U.S. 15 (1971), which prejudice obstructs the plaintiff position to investigate the crucial facts needed to prove the claims. citing <u>Murrell V. Bennett</u>, 615 F.2d 306, 311 (1980).

## Legal Grounds

7. This motion is filed pursuant To Civil Rights Acts 42 U.S.C. § 1983, 28 U.S.C. § 1915 (d) Citing <u>HoDGE V. Police officers</u>, 802 F.2d 58, 61 (2d Cir 1986.) Cent devied, 502 U.S. 996 (1991); <u>Tabrone V. Grace</u> 6. F.3d 145, 155-58 (1993); 43 U.S.C. § 1988 (1994) <u>Boond V. Smith</u>, 430 U.S. 817, 97 S.Ct 1491 (1977). And Conn Gen Stat § 52-400c. where exceptional circomstances for appointment Pro Bono Counsel reasonably demostrted and appropriate for the plaintiff justifying merits in this case colaroble for the Court to grant this motion in appoint Counsel.

Respectfully Submitted
*James McKinnon*
James McKinnon Pro,se
M.W.C.I
1153 East St South
Suffield, CT 06080

## Certification

I hereby certify that the foregoing motion to be true and to the best of my ability on this 28th Day of May 2004

Defendants
John LaHDay, ETaL.
Dilworth
Burgos

*James McKinnon*
James McKinnon prose

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Amended

CIVIL RIGHTS COMPLAINT

James McKinnon
100770 ,
Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use *et al.*)

v.

Case No. 3:03CV17(JCH)
(To be supplied by the court)

John LoHDa - individual - Capacitites
Dilworth - individual - Capacitites
Carlos Burgos - individual - Capacitites

_____

_____

_____

_____

Defendant(s).
(Full name(s) and capacity, *e.g.*, official capacity, individual capacity,
or official and individual capacitites) (Do not use *et al.*)

## A. PARTIES

1. James McKinnon is a citizen of United States who
   (Plaintiff)                                    (State)
presently resides at MacDougall Correctional - 1153 East Street South
                    (mailing address or place of confinement) Suffield ct 06080
If plaintiff is incarcerated, provide inmate number: 100770 .

2. Defendant John LaHDa is a citizen of United States
              (name of first defendant)                    (State)
whose address is Garner Correctional 50 nunnawauk Road
Newtown Connecticut 06470

and who is employed as **Major Treatment**
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No. If your answer is "Yes," briefly explain: Plaintiff asked defendant to order his released from Segregation due to the fact that Plaintiff had not been sentenced to segregation Time, major Treatment John LaHda took no action

3. Defendant **Dilworth** is a citizen of **United States**
(name of second defendant)                                           (State)
whose address is **Garner Correctional 50 nunnawauk Road newTown Connecticut 06470**

and who is employed as **Mental Health Counselor**
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No. If your answer is "Yes," briefly explain: Plaintiff asked defendant Dilworth to obtain my release and gave her an Inmate request form stated I had not been assigned segregation Time and requested a release, counselor Dilworth took no action

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

### B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   ✓ 42 U.S.C. § 1983 (applies to state prisoners)

   ___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

2

## A. Parties Continue

4. Defendant Carlos Burgos is a citizen of United States whose address is Garner Correctional 50 Nunnawauk Road NewTown Connecticut 06470

And who is employed as Captain unit manager

At The Time The claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✗ yes plaintiff briefly explain.

Plaintiff attempted to ask defendant Captain Burgos to obtain my release but Burgos took no action, on 9-4-2002

## C. NATURE OF THE CASE

BRIEFLY state the background of your case.

Plaintiff was subjected to '5' days of segragation without cause or justification.

The defendants were aware of this and failed to take action to get me released.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I: Cruel and Unusual Punishment Violation of my Plaintiff Fourteenth Amendment Due Process Law Clause Also 8th Amendment Violation

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

3

**Claim II**: _____

_____

_____

Supporting Facts: Plaintiff was subjected to 5, day's of segregation without cause or justification; the defendants were aware of this and failed to take action to get plaintiff released.

Plaintiff was frighten for his life in this type of housing because it also Intensive Mental Heal Unit and inmate's I was viewing placed them in four point restraints by the defendants that are Supervisor's.

Plaintiff was thinking the team that's 10, officer was comeing for him and that my status was to be including the conduct committed daily.

I Plaintiff have permanent injury from the emotional distress from the guards misconduct.

Plaintiff Supporting facts are written in unit Log Book Inmate's in four point restraints are (Sanchez)(Trap)(Tommy
9-9-02    9-11-02   9-7-0

**Claim III**: _____

_____

_____

Supporting Facts:

4

### E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? ____Yes ____No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

   b. Name and location of court and docket number_____

   c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
   _____

   d. Issues raised: _____
   _____

   e. Approximate date of filing lawsuit:_____

   f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.   ✓Yes ____No.

If your answer is "Yes," briefly describe how relief was sought and the results.

Restraining Order To not be placed back in Garner Correctional Institution

5

3. I have exhausted available administrative remedies. __✓__ Yes ____ No.
If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
If your answer is "No," briefly explain why administrative remedies were not exhausted.

*Grievance Form Level-A-*
*Grievance Form Level-B-*

### F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
If you are not incarcerated, go to section G.

a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

b. Name and location of court and docket number _____

c. Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit:_____

e. Approximate date of disposition:_____

2. Are you in imminent danger of serious physical injury? __✓__ Yes ____ No.
If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

*To be placed Back in garner Correction L- is danger of serious injury*

6

F  Exhibit F was

ATTACHMENT B
CONNECTICUTE DEPARTMENT OF CORRECTION
INMATE REQUEST FORM

program Level Two.

Facility/Unit: Garner Correctional Institution/  cell # 220  Date 09/23/0

Inmate Name: James L. McKinnon  Number: 100-77C

Request: Counselor Furhman!

I have ask you the date I move over to this Block From the Disciplinary you gave me on 08-29-02. I plea guilty to miss-minnts 09-6-02. with out Seg. Time, Thank you!

Previous Action Taken: _____

Submit to: _____  Date Received: ___/___/___

Acted on by: _____

Action Taken and/or Response: 9/10/02

Date of Response to inmate: 9/28/02

Signature of Staff Member: _____

Exhibit "A" James mck

# Disciplinary Report - Page 1
## Connecticut Department of Correction

CN 95
1-10

| | | |
|---|---|---|
| **Unit** GCJ | **Report date** 8/29/02 | **Report no.** |
| **Inmate name** McKinnon | **I.D. no.** 100770 | **Housing** F 219 |
| **Location** F 219 | **Incident Date** 8/29/02 | **Time** 1115 ☒ a.m. ☐ p.m. |
| **Charge** Disobeying A Direct Order / Insulting Lang. | | **Class** B |

**Description of violation:** On 8/29/02 at 1115 hrs Mason Lahda and I were touring F Seg. Upon stopping to inspect cell F220 where Im McKinnon resides, we noticed McKinnon's ceiling vent was obstructed. Im McKinnon was given several direct orders by me and the motion to clean the vent but McKinnon refused to comply. When McKinnon was told by me that he was being issued A D.R. for disobeying A direct order, McKinnon std to me to "Mind your own fucking business."

**Witness(es):** Mason Lahda.

**Physical evidence:**

**Reporting employee** [signature]    **Employee requests copy** ☒ yes ☐ no
**Title** C.C.    **Date** 8/29/02    **Time** 1130 ☒ a.m. ☐ p.m.

## CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

☐ Administrative detention    **Date**    **Time** ☐ a.m. ☐ p.m.
☐ Interview accused    ☐ Informal Disposition

**Custody supervisor / unit manager signature** EASON
**Title** LIEUTENANT    **Date** 08/29/02    **Time** 11:40 ☒ a.m. ☐ p.m.

## INMATE NOTICE

**Delivered by** [signature]
**Title** Correction Officer    **Date** 8/29/02    **Time** 11:45 ☒ a.m. ☐ p.m.

# Disciplinary Process Summary Report – Page 1
Connecticut Department of Correction

CN 9504
1-10-94

| Unit Garner C. | Report no. 0208140 | Report date 8-29-02 | Hearing date N/A |
|---|---|---|---|
| Inmate name McKINNON | | I.D. no. 100770 | Housing F-219 |
| Reporting employee FURHMAN | | Title C/C | |
| Investigator Morales | | Advocate N/A | |
| Inmate appearance ☐ yes ☒ no | | Reason Pled guilty to Investigator | |

☐ Suspended sentence
☐ Deferred prosecution   No. of days _____   Through _____
☐ Charge dismissed   By _____   Reason _____
Continuances (dates and reasons):

## SUMMARY

| | Charge / Class | Plea | Finding | Sanctions |
|---|---|---|---|---|
| Original | D.A.D.O. / B | Guilty | Guilty | 30 LOP THRU 8-04-03<br>30 LOM THRU 3-20-03 |
| Substitute | | | | |

☐ Confidential information   Reliability
Documentation submitted:
☐ Incident Report   ☐ Medical Incident Report
☐ Use of Force Report   ☐ Other (specify)

Witness Name:
Testimony:   ☐ Appearance

Witness Name:
Testimony:   ☐ Appearance

Witness Name:
Testimony:   ☐ Appearance

☐ Witness Exclusion   Name _____   Reason _____
Physical evidence, written testimony:

# Disciplinary Process Summary Report – Page 2
## Connecticut Department of Correction

Basis for finding: Pled Guilty to Investigator

Basis for sanctions: Sanctions deemed necessary to deter future misconduct.

## DISPOSING OFFICER

| | |
|---|---|
| Hearing officer signature | Date |
| Disciplinary coordinator signature | Date |
| Investigator signature  Morales | Date 9.6.02 |

## INMATE NOTICE

You may appeal a finding of guilty by a hearing officer within 15 days

| | |
|---|---|
| Delivering officer signature | Date 9.6.02 |

Copies (5): investigator, reporting employee, inmate, disciplinary file, and inmate master file

Exhibit "D" *James McKinnon*
*James McKinnon*



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
24 WOLCOTT HILL ROAD
WETHERSFIELD, CONNECTICUT 06109

February 4, 2003

Garner CI
James McKinnon #100770
50 Nunnawauk Road
Newtown, CT 06470

Dear Mr. McKinnon:

Thank you for staying in touch with me. Since our meeting I spoke with Dr. Bogdanoff regarding your status in the program. He reported to me that he would speak to you about moving you off the unit. He agreed that if you could complete the IMHU program it would warrant consideration for a mental health level change to 3. That would result in movement out of mental health housing and potentially a move to another Security 4 institution. My understanding is that you will be completing your present phase in IMHU in mid February.

Keep in touch and let me know what happens.

Sincerely,

Daniel Bannish, Psy.D.
Correctional Health Services Program Director


rm
cc:
Inmate Health Record, Garner CI
file

Exhibit E *James McKinnon*
*James McKin*



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

July 31, 2003

Cheshire CI
James McKinnon  #100770
900 Highland Avenue
Cheshire, CT  06410

Dear Mr. McKinnon:

I received your correspondence regarding your mental health medication order expiring. I contacted Cheshire medical and Nurse Donovan checked your chart. She reports that you are now receiving the medication and the order is good until 8/14/03. It appears from the letter that you believe the medication has been helpful to you. Be well.

Sincerely

Daniel Bannish, Psy.D.
Correctional Health Services Program Director

rm
cc:
Inmate Health Record, Cheshire CI
file

*An Equal Opportunity Employer*

(18)

Exhibit "F" James McKinnon 



# STATE OF CONNECTICUT

CHESHIRE CORRECTIONAL INSTITUTION
900 HIGHLAND AVENUE
CHESHIRE, CT 06410

(203) 250-2600

TO: James McKinnon #100890
North Block 360
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

FROM: Counselor Supervisor Bartholomew

SUBJECT: Request to Major Hall

DATE: August 27, 2003

---

Your request to Major Hall has been forwarded to my office for a response.

Your medical and mental health treatment needs scores are each level 3.

The remainder of your request is indecipherable. Please contact your unit counselor to address any additional issues you may have.

RB/bv

CC:  Major Hall
     File

(19)

Exhibit F  James McKinnon

# UNITED STATES DISTRICT COURT

Lafayett, Boulevard Bridgeport District of Connecticut
06604

**James McKinnon**

Plaintiff

**John Lahda**
**Carlos Dilworth**
**Burgos**

Defendant

FILED
2003 FEB 14 P 3:03

APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

PRISONER

CASE   3:03CV71(RNC)

I, **James McKinnon**, declare that I am the (check appropriate box)
☐ petitioner/plaintiff/movant   ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?  ☑ Yes  ☐ No  (If "No," go to Part 2)
   If "Yes," state the place of your Garner 50 Nunnawauk Rd, newTown Conn 06417
   Are you employed at the ___no___ Do you receive any payment from the ___no___
   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** transactions.

2. Are you currently employed?  ☐ Yes  ☑ No
   he answer is "Yes," state the amount of your take-home salary or wages and pay period and e the name and address of your employer.

   he answer is "No," state the date of your last employment, ary or wages and pay period and the name and address of your last employer.

   ast 12 twelve months have you received any money from any of the following sources?

   iness, profession or other self-  ☐ Yes  ☑ No
   t payments, interest or dividends  ☐ Yes  ☑ No
   sions, annuities or life insurance  ☐ Yes  ☑ No
   bility or workers compensation payments  ☐ Yes  ☑ No
   or inheritances  ☐ Yes  ☑ No
   other sources  ☐ Yes  ☑ No

   wer to any of the above is "Yes," describe, on the following page, each source of money the amount received and what you expect you will continue to receive.

Motion GRANTED. It is So Ordered. /s/ Holly B. Fitzsimmons, USMJ

Date: 2/20/2003