UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

JUL 12  11 30 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN

JAMES McKINNON                  :
                                :           PRISONER
     v.                         :    Case No. 3:03CV71 (JBA)(JGM)
                                :
JOSE DELGADO, et al.            :

RULING AND ORDER

I.   Motions for Preliminary Injunctive Relief [doc. ##38, 40]

Plaintiff has filed an untitled motion seeking preliminary injunctive relief in the form of an order that Unit Manager Captain Burke and Counselor Cordaro, both assigned to the MacDougall-Walker Correctional Institution, refrain from "hindering" his efforts to pursue this claim. He states that he has not received a response to his level 2 grievance and Counselor Cordaro would not complete an incident report about legal mail opened outside plaintiff's presence. In the second motion, plaintiff asks the court to order that he be provided five free legal envelopes per week instead of the five free envelopes per month that are provided to indigent inmates. On May 25, 2004, the court denied motions seeking the same relief.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir.

1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000). Where the moving party seeks a mandatory injunction, i.e., injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested "will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits," the moving party must make a stronger showing of entitlement. Brewer, 212 F.3d at 744 (internal quotation marks and citation omitted). A mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested" or where "extreme or very serious damage will result from a denial of preliminary relief." Abdul Wali v. Coughlin, 754 F.2d 1015, 1025

(2d Cir. 1985)(citations omitted).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated.  See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985).  To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'"  Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases.  See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992).  Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."  7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995).  Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

As stated in the May 25, 2004 ruling, the court must have in

personam jurisdiction over a person before it can validly enter an injunction against him. See Doctor's Assocs., Inc. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction.").

The defendants in this case are correctional staff members from Garner Correctional Institution. Captain Burke and Counselor Cordaro are assigned to the MacDougall-Walker Correctional Institution and are not defendants in this case. Thus, the court lacks the power to issue an order regarding their actions.

Although plaintiff alleges a failure to respond to a level 2 grievance, he has not identified any defendant in this case responsible for the delay. In addition, he has identified no harm caused by this alleged delay. This case was filed in January 2003. Any grievances relating to the claims in this case had to be submitted before this action was filed. See Porter v. Nussle, 534 U.S. 516 (2002) (holding that 42 U.S.C. § 1997e(a) requires an inmate to exhaust administrative remedies before filing any type of action in federal court). The court cannot discern how the failure to respond to a level 2 grievance, that was not submitted until February 2004, can interfere with the

4

prosecution of this action. Accordingly, plaintiff's request for preliminary injunctive relief [**doc. #38**] is **DENIED**.

In addition, plaintiff again seeks additional free envelopes. In the prior ruling, the court took judicial notice of the monetary settlement plaintiff recently received and determined that plaintiff is no longer indigent. Again, plaintiff has failed to demonstrate any specific irreparable harm that will result if his motion is denied. Plaintiff's motion "for a court order to correctional counselor to supplie envelope copies for plaintiff that's indigent" [**doc. #40**] is **DENIED**.

II. <u>Motion to Amend [doc. #39]</u>

Plaintiff has filed another motion seeking to include a claim pursuant to the Americans with Disabilities Act in this case. In the May 25, 2004 ruling, the court denied this request because plaintiff already has filed an amended complaint including an ADA claim. Thus, this request [**doc. #39**] is **DENIED** as moot.

Plaintiff also states in his motion that he misspelled the names of two defendants. He has not submitted a proposed third amended complaint correcting this error. The court sent plaintiff a copy of the second amended complaint with the May 25, 2004 ruling. Plaintiff is directed to file a motion for leave to amend accompanied by a proposed third amended complaint. **The third amended complaint shall be identical to the second amended**

complaint with the only exception being the correct spelling of the names of defendants Orleman and Hashim. Plaintiff shall file his motion and proposed third amended complaint within **twenty (20)** days from the date of this order.

SO ORDERED this ___ day of July, 2004, at New Haven, Connecticut.

Janet Bond Arterton
United States District Judge