UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

JAMES McKINNON

2004 AUG 17 P 4:43

PRISONER

U.S. DISTRICT COURT
BRIDGEPORT CT

CASE NO. 3:03CV71
(JBA)(JGM)

v.

Jose Delgado, et al.

August 13, 2004

## BRIEF IN SUPPORT OF PLAINTIFF SUMMARY JUDGMENT MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

### STATEMENT OF THE CASE

This is a §1983 action filed by a prisoner while at Cheshire Dept. of Correctional in Cheshire, CT seeking damages and order not to be placed in Garner C.I.

This motion seeks summary judgment for appointment of Pro Bono Counsel.

### STATEMENT OF FACTS

The Court haves discretion to provide counsel to the plaintiff who has established Prima Facie case in this civil rights action 42 U.S.C. §1983 and the plaintiff presentation of exceptional circumstances for the Court's to consider appointment of Pro Bono Counsel. SEE Plaintiff's Affidavit in support.

1 of 4

## ARGUMENT

There are no material facts in dispute as to the plaintiff's presentation of exceptional circumstances for the Court's consideration in Appointment of Pro Bono Counsel.

Summary Judgment should be granted where a party shows that "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Rule 56, F.R.C.P. The undisputed facts of this case show that the plaintiff has presented exceptional circumstances for Appointment of Pro Bono Counsel. Thus, there is no factual dispute preventing the entry of Summary Judgment for the plaintiff on this issues.

In assessing whether to appoint counsel, "Court must consider: (1) the type and complexity of case; (2) whether indigent litigant is capable of adequately presenting his case; (3) whether litigant is in position to investigate case adequately; and (4) whether evidence will consist in large part of conflicting testimony, thus requiring skill in presentation and cross-examination." citing NORTON v. DIMAZANA, 122 F.3d 286, 293 (5th Cir. 1997); ULMER v. CHANCELLOR, 691 F.2d 209, 213 (5th Cir. 1982).

The Appointment of Counsel Appropriate because plaintiff presented colorable claim and is illequipped to

2 of 4

represent himself because he suffers from MENTAL HEALTH disorder. Citing HAMILTON V. LEAVY, 117 F.3d 742, 749 (3d Cir. 1997). Even, Courts' Automatic denial of inmate's request for Appointment of Counsel ground that case had not survived Motion to dismiss was Abuse of discretion. AYERS V. RYAN, 152 F.3d 77, 83 (2d Cir. 1998). In the discretion of the Court, A reasonable Attorney's fee may be Allowed to the prevaling party for Counsel at any other hearing that is reasonable and necessary for the enforcement of Rights pursuant to a post Judgment Procedure that is held ON A CLAIM. CONN. GEN. STAT. § 52-400c, 42 U.S.C. § 1988 (1994) Citing EHNSLEY V. ECKENHART, __ U.S. __ 103 S.Ct. 933 (1983). In Addition, Appointment of Counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional Counsel usually provided by the states for the defendants. Citing WRIGHT V. DALLAS COUNTY SHERIFF'S DEPARTMENT, 660 F.2d (1981), quoting, KNIGHTON V. WATKINS, 616 F.2d 759 (5th Cir. 1980); And STRINGER V. ROWE, 616 F.2d 993, 1001 (1980). The plaintiff demostration that defendants Acted under Color of Law when deprived him of federal Rights established PRIMA FACIE CASE under § 1983. Citing, BERG V. COUNTY OF ALLEGHENY, 219 F.3d 261 (3rd Cir. 2000).

2 of 4

In this case, plantiff has demostrated exceptional circumstances to appoint counsel. That defendants acted under color of law to make Prima Facie Case. The lack of legal materials, no law school education and as a mental health person the legal issues are to complex to litigate himself nor does the Dept. of Corrections provides adequate law library containing upto date materials for shepherdocing this case.

### Conclusion

Wherefore, the Court should grant Summary Judgment to plantiff as for Appointment of Pro Bono Counsel.

RESPECTFULLY SUBMITTED
_James McKin_____
JAMES McKINNON Pro SE


### Certification

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney this ___ day of June, 2004.
Attorney

_James McK_____
JAMES McKINNON
Pro SE

4 of 4

# Exhibit 1

*Exhibit J, jmk*
*Exhibit James McK*

## NOTICE OF MENTAL HEALTH SCORE CHANGE

## GARNER C.I.

INMATE _McKinnon, James_ # _100770_ has been recommended for reclassification by the treatment team from a

M.H. _4_ to _3P_.

Team Member Signature: _____

Psychiatrist Approval: _____

M.H. Supervisor Review: _____ 2/21/03

original:   inmate record
cc:        classification counselor

Instructions:

1. To be completed when Mental Health Classification score is in need of revision (raised or lowered).

2. Signatures shall be obtained in sequence.

3. M.H. Supervisor or designee will submit copy to classification counselor or counselor supervisor for computer entry.

4. Original to be placed in inmate record once all signatures obtained.

1/97
TJB/ht
C:\OFFICE\WPWIN\WPDOCS\MENHLTH\MHSCORCH.WPD