UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



| | |
|---|---|
| JAMES McKINNON | |
| v. | PRISONER<br>Case No. 3:03CV71 (JBA)(JGM) |
| JOSE DELGADO, et al. | |

### RULING AND ORDER

Plaintiff has filed a fourth motion for appointment of <u>pro bono</u> counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, <u>see, e.g.</u>, <u>Hendricks v. Coughlin</u>, 114 F.3d 390, 393 (2d Cir. 1997); <u>Cooper v. A. Sargenti Co.</u>, 877 F. 2d 170, 172 (2d Cir. 1989), and requires that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert. denied</u>, 502 U.S. 996 (1991).

In its rulings denying plaintiff's previous motions, the court instructed him to include in any subsequent motion specific information describing his attempts to obtain legal assistance and indicate why the assistance available from Inmates' Legal Assistance Program was inadequate. Plaintiff has made no such showing in this

motion. He has not attached copies of any letters from law firms or legal assistance programs declining representation or why the assistance available from Inmates' Legal Assistance Program, including help in responding to motions filed by the defendants, drafting motions and formulating discovery requests is inadequate at this stage of litigation.

Plaintiff's motion for appointment of counsel [**dkt. #42**] is **DENIED** without prejudice as premature. **Any renewal of this motion shall include specific information describing plaintiff's attempts to obtain legal assistance including the names of attorneys contacted, the dates upon which contact was made or a letter mailed and the reasons why representation was declined. In addition, plaintiff shall indicate why the assistance available from Inmates' Legal Assistance Program is inadequate at this stage of litigation.**

SO ORDERED this 11th day of August, 2004, at New Haven, Connecticut.

JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE

2