UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES McKINNON                  :
                                :       PRISONER
   v.                           :       Case No. 3:03CV71 (JGM)
                                :
JOSE DELGADO, et al.            :

FILED
2004 OCT 25 A 11: 30
U.S. DISTRICT COURT
NEW HAVEN, CT

RULING AND ORDER

Plaintiff has filed a motion to amend accompanied by a proposed third amended complaint that complied with the court's July 12, 2004 order. Plaintiff's motion to amend [**doc. #46**] is **GRANTED** and the Clerk is directed to docket plaintiff's Third Amended Complaint.

Plaintiff also has filed two documents entitled "Plaintiff Summary Judgment Motion for Appointment of Pro Bono Counsel" and a third entitled "Plaintiff Moves for Appointment of Counsel Motion." Although in the first two motions he references Rule 56, Fed. R. Civ. P., plaintiff only seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. After careful review, these motions, plaintiff's fifth, sixth and seventh motions for appointment of counsel, are denied.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, see, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989), and requires that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir.

1986), cert. denied, 502 U.S. 996 (1991).

In its rulings denying plaintiff's previous motions, the court instructed him to include in any subsequent motion specific information describing his attempts to obtain legal assistance and indicate why the assistance available from Inmates' Legal Assistance Program was inadequate. Plaintiff has made no such showing in either motion. He has not attached copies of any letters from law firms or legal assistance programs declining representation or indicated why the assistance available from Inmates' Legal Assistance Program, including help in responding to motions filed by the defendants, drafting motions and formulating discovery requests is inadequate at this stage of litigation. Thus, plaintiff's motions are denied as premature.

In conclusion, Plaintiff's Motion to Amend the Complaint [doc. #46] is **GRANTED** and the Clerk is directed to docket Plaintiff's Third Amended Complaint. Plaintiff's Motions for Appointment of Counsel [docs. #42, #47, #47-1, #49 and #50] are **DENIED** without prejudice as premature.

Any future motion for appointment of counsel shall include specific information describing plaintiff's attempts to obtain legal assistance including the names of attorneys contacted, the dates upon which contact was made or a letter mailed and the reasons why representation was declined. In addition, plaintiff shall indicate why the assistance available from Inmates' Legal

Assistance Program is inadequate at this stage of litigation.

IT IS SO ORDERED.

/s/ Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut: October 22, 2004