# United States District Court

## District of Connecticut

## Amended

October 25, 2004

## Civil Rights Complaint

James McKinnon   civil no. 3:03cv71 (JBA)(JGm)
100 770
Plaintiff

vs.

August 13, 2004

Jose Delgado, ETAL
John LaHDa
Aqil Hashim
    Bruono
    Kozikowski
    Frank
    Thankappan
Sandi Orleman
Yolanda Zayas
Helen Dorsey
Defendants   Individual Capacity

## A. Parties

1. Plaintiff James McKinnon is a citizen of United States whose address is Corrigan Rodgowski Correctional Center 986. Norwich New London Turnpike Uncasville Connecticut 06382. I-D, 100770

By James McKinnon
James McKinnon prose

2. Defendants are citizens of United States whose address is garner Correctional 50' nunnowauk Road new Town Connecticut 06470.

3. Defendants Jose Delgodo is employed as Captain unit manager in garner Correctional.

AT The Time The claim's alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

The defendant opproved use of four point restraints shift Supervisor.

4. Defendant is employed as Treatment major in garner Correctional John LaHDa.

AT The Time The claim's alleged in The complaint arose was This defendant acting under color of State law? yes plaintiff explain.

The defendant has removed The administrative directive 9.4. from The law library To preventing The plaintiff efforts To pursue a legal claim.

By x /s/ James McKinnon
James McKinnon prose

5. Defendant Aqil Hashim is employed as a P.S.W. mental Health Counselor in garner Correctional.

At The Time The claim's alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

The defendant did not notify employ's The plaintiff mental Health Status was not in need of four point restraints from self injury.

6. Defendant Thankappan is employed as a psychiatrist in garner Correctional.

At The Time The claim's alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

The defendant Thankappan Authorized Two needle's of medication in The plaintiff Leg against my will.

7. Defendant Frank is employed as a nurse in garner medical.

At The Time The claim's alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

medication in The plaintiff leg agait my will.

By x _James Lee McK___
James Lee McKinnon pro se

8. Defendant Bruono is employed as Correctional officer in garner prison.

At the time of clam's' alleged in this complaint arose was this defendant acting under color of state law? yes plaintiff explain.

The plaintiff was in four point restraints this officer was on top the plaintiff with a shell covering for two needles in the plaintiff leg of medication ggaint the plaintiff will.

9. Defendant Kozikowski is employed as Correctional officer in garner prison.

At the time the clamis' alleged in this complaint arose was this defendant acting under color of state law? yes plaintiff explain.

The plaintiff was in four point restraints 6-27-02 this officer was on top of the plaintiff covering one side of a shell for two needles in the plaintiff leg againt plaintiff will.

By x *James Lee McKinnon*
James Lee McKinnon

10. Defendant Sandi Orleman is employed as a nurse in garner Correctional.

At The Time The claim's alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

The defendant Sandi Orleman is The nurse To have checked on The plaintiff and relaxed periodically The plaintiff restraints That was not provided, The purpose of causing serious pain a violation of plaintiff right's under The Eighth Amendment also in violation plaintiff notified Staff of The fact a need for bodily functions That The nurse came much later one hour at Time plaintiff wet The bed with no sheets and when The nurse came plaintiff was To stay on a wet bed and cold a violation of plaintiff rights under The Eighth Amendment.

11. Defendant Yolonda Zayas is employed as medical records employee.

At The Time The claim's alleged in This complaint arose was This defendant acting under color of State Law? yes plaintiff explain.

Defendant Yolonda Zayas The plaintiff was Told by This record employee I can't have The information untill plaintiff sign., Then when The plaintiff ask To view The restraint paper The employee Yolonda Zayas did not have iT.

By James McK
James McKinnon prose

12. Helen Dorsey is employed as medical "Svcs" admin Boss in prison.

AT The Time The Claim's alleged in This complaint arose was This defendant acting under color of State law? yes plaintiff explain.

Defendant Helen Dorsey is also on plaintiff grievance form Level B, with Date 12-31-02 her The defendant dispostion is saying it's no medical information That's on record from 6-27-02 of plaintiff in four point restraints. <u>Greason</u> v. <u>Kemp</u> 891 F.2d at 837-40 (prison clinic director, prison system mental Health director and prison warden could be found deliberately indifferend based on Their Knowing Toleration of a "clearly inadequate mental Health staff).

Failure To Train correctional staff To deal with mentally ill prisoners can also constitute deliberate indifference. please see; <u>Langley</u> v. <u>Coughlin</u> 709 F. Supp. at 483-85, <u>Kendrick</u> v. <u>Bland</u>, 541 F. Supp. 21, 25, 26 W.D. Ky. 1981 also please see; <u>Sharpe</u> v. City of Lewisburg, Tenn, 677 F. Supp. 1362, 1367-68 (M.D. Tenn 1988) Failure To Train police To deal with mentally disturbed individual supported damage award).

By: James McK
James McKinnon prose

## "Memorandum Support"
## "Four point restraints"

13. Only inmates in restrictive housing may be placed in four-point restraints, please see, DOC adm. Dir. 6.5-(8)(B).

14. Such restraints must be "soft, wide and flexible. please see; Doc Adm. Dir 6.8(8)(C).

15. and can only be used "when it is necessary to protect the inmate from self injury. please see; Doc Adm. Dir. 9.4, Attachment A.

16. The use of four point restraints must be approved by the shift supervisor, the Unit Administrator must be notified within one hour of the decision. The shift supervisor must review the inmate's status every two hours, the inmate must be observed by staff at least every .15. minutes and checked by medical staff every two hours. If medically "necessary to allow proper circulation," an inmate's restraints should be relaxed periodically. The facility administrator should review the inmate's status every eight hours and must notify the Doc Regional Director if the inmate is left in four point restraints for over 24 hours.

17. The Doc requires that "adequate accommodations be made to relieve an inmate of necessary bodily functions. please see; Doc Adm. Dir 6.5 (8)(C).

By x /s/ James Lee McKinnon
James Lee McKinnon pros
Walker Reception unit
1153-East Street South
Suffield Connecticut
06078
↓
Corrigan Rodgowski
Correctional Center
986. Norwich New London
Uncasville, CT. 06382

By x /s/ James McKinnon
James McKinnon

(6)

# Memorandum Support

18. Psychiatric Treatment may not be used for disciplinary purposes, please see, Nelson V. Heyne, 491 F.2d 352, 356-57 (7th Cir.) Tranquilizers could not be used to keep order)

19. The courts have required that the use of seclusion and restraint be restricted to legitimate medical health purposes, subjected to close medical supervision, and conducted in a humane manner. please see; Wells V. Franzen, 777 F.2d 1258, 1261-62 (7th Cir. 1985) restraint must be based on professional judgement; nature and duration must be reasonably related to it's purpose); written records required); Jones V. Thompson, 818 F.Supp. 1263, 1268 (S.D.Ind. 1993)(Five day "hog lying" of detainee was unconstitutional); United States V. State of Michigan, 680 F.Supp. 928, 977, 982-83 (W.D.Mich.1987) (similar to Campbell); Inmates of Allegheny Jail V. Wecht 565 F.Supp. 1278, 1285 (W.D.Pa. 1983)(inmates not to be restrained without clothes or mattress); Wheeler V. Glass, 473 F.2d 983, 987 (7th Cir. 1973) use of restraints for discipline was unconstitutional); Ferola V. Moran, 622 F.Supp. 814, 821-25 (D.R.I.1985) (Conditions of shackling, lack of medical supervison, and absence of policy held unconstitutional); Burks V. Teasdale, 492 F.Supp. 650, 679 (W.D.Mo. 1980)(lack of written policy governing restraint and seclusion was unconstitutional);

20. Owens-El V. Robinson, 457 F.Supp. 984, 990-91 W.D.Pa.- 1978) inmates in restraints to have mattresses and clean bedding; medical authorization and record-keeping required)

By: *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078
↓
Cornigan Rodgowski
Correctional Center
986, Norwich New London
Uncasvill, CT 06382

⑦ 13 *James McK*
*James McKinnon*

# Memorandum Support

21. These protections are the minimum required by the Federal Constitution; state law may provide greater safeguards; Please see; Most states have statutes and administrative regulations governing these medication. Court, 148 Ariz. 229, 714 P.2d 399, 408-09 (Ariz. 1986) (en banc) (for prisoners, valid medical, not security or administrative, reason are required; along with a Treatment plan that complies with state statutes governing civilly committed patients; citing state Constitution); Riese v. St Mary's Hospital and Medical Center, 209 Cal. App. 3d 1303, 271 Cal. Rptr. 199, 210-13 (Cal. App. 1987), review dismissed, 259 Cal. Rptr. 669, 774 P.2d 698 (Cal. 1989) (competent patients can refuse; incompetence must be determined judicially, and medication of incompetent person for more than 14 days requires consent of relative, guardian or conservator; state statutes cited); People v. Medina, 705 P.2d 961 (Colo. 1985) (en banc) competent patients can refuse; incompetence must be determined judicially by clear and convincing evidence; patients have the right to counsel; state statutes and common law cited); (Rogers v. Commissioner of Dept. of Mental Health, 390 Mass. 489, 458 N.E. 2d 308 (Mass. 1983) competent patients may refuse; incompetence must be determined judicially, and the court shall make the treatment decision; state statutes cited); Rivers v. Katz, 67 N.Y. 2d 485, 495 N.E. 2d 337, 343-44, 504 N.Y.S. 2d 74, 81-82 N.Y. 1986) (Judicial determination of incompetence required; state constitution cited) in re K.K.B., 609 P.2d 747, 751-52 (Okla. 1980) (a competent patient may refuse; incompetency must be decided by a court and a guardian appointed to make informed decision whether to consent.)

Byx /s/ James McKin
James McKinnon

Byx /s/ James Lee McK
James Lee McKinnon pro se
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078
↓
Corrigan Rodgowski
Correctional Center
986, Norwich New London
Uncasville CT, 06382

⑧

## Memorandum Support
## Plaintiffs' Exhibits

1. The statute require defendants to change the way they operate, to provide additional services, and to make physical renovations if necessary to avoid excluding disabled persons from programs and services. The Rehabilitation Act standard, which will almost certainly be applied under the ADA, calls for "reasonable accommodations" to permit handicapped persons to participate in prison programs.

2. Accommodations are only deemed unreasonble if they impose undue financial and administrative burdens, please see, Southeastern Community College v. Davis, 442 U.S. 397, 412, 99 S.Ct 2361 (1979) Quoted in Harris v. Thigpen, 941 F.2d at 1527.

3. To take advantage of the ADA plaintiff must be a qualified individual with a disability under ADA.

4. A physical mental impairment regarded as having such an impairment, please see, 42 U.S.C. § 12102(2), plaintiff has mental impairments.

5. This definition is comparable to the definition of "handicap" under the Rehabilitation Act, please see; 29 U.S.C. § 706 (7)(B).

By: *James McKinnon*
James McKinnon
Corrigan-Rodgowski
Correctional Center
986, Norwich New London
Uncasville@ CT 06382

By: *James McKin*
James McKinnon prose
Walker Reception Unit
1153, East Street-South
Suffield, CT 06078

# Memorandum Support
## Plaintiff's Exhibits

6. Under the rehabilitation Act people with infectious diseases are considered handicapped, please see, School Bd. of Nossau County v. Arline 480 U.S. 273, 282-86, 107 S. Ct. 1123 (1987).

7. This category includes inmates infected with the Human immunodeficiency virus, please see, Harris v. Thigpen 941 F.2d at 1522-24; Casey v. Lewis, 773 F. Supp. at 1370-72.

8. Congress intended the ADA to cover such persons as well, please see, S. Rep. no. 116, 101 st Cong 2d Sess, pt. 3, 28 (1990) cited in Burgdorf, The Americans with disabilities Act: Analysis and Implications of a Second-Generation Civil Rights statute 26 Harvad Civil Rights Civil Liberties Law Review 413 447 n-175 (1991).

9. These obligations include conducting self evaluations of their compliance and adopting a procedure for handling complaints, please see, 28 C.F.R. §§ 35.105, 35,107.

10. A "public entity is defined in the ADA as including any state or local goverment" or any deparment agency "special purpose district or other intrumentality of a state or states or local goverment, please see, 42 U.S.C. § 1213(1)(A B) (emphasis supplied).

By James Lu McKin
By James Lu McKin
James Lee McKinnon pro se
Walker Reception Unit
1153 East Street South
Suffield Connecticut 06078
↓
Corrigan Rodgowski
Correctional Center
986, Norwich New London
Uncasville CT. 06382

By James McKin
James McKinnon

(10)

# Memorandum Support
# Plaintiff Exhibits

11. This definition clearly includes correctional departments and other agencies that operate prison and jails; please see; Clarkson v. Coughlin, 145 F.R.D. 339, 348 S.D.N.Y. 1993) permitting prisoners to Amend Complaint to add an ADA Claim. The federal regulations issued under the (ADA) acknowledge this point by identifying the Department of Justice as the agency that is to implement compliance procedure concerning state and local correctional facilities. 28 C.F.R. § 35.190 There is no dispute that the Rehabilitation Act applies to prisons.

12. Plaintiff is a disabled prisoner and respectfully have rights under the Americans with Disbilities Act of 1990 (ADA); please see; 42 U.S.C. § 12101 et seq.

*James Lee McKinnon*

By× *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception Unit
1153- East-Street-South
Suffield Connecticut
  06078

By× *James McKinnon*
James McKinnon
Corrigan Rodgowski
Correctional Center
986, Norwich New London
Uncasville CT, 06382

(12)

December 23, 2003

Statement of material facts under the Americans with Disabilities Act, Clinical Facts to Support plaintiff's claims are Exhibits (ADA) Act, 42 U.S.C. § 12101, et seq

1. Exhibit "A" is Connecticut Department of Correction's medical physician's orders 2-4-03 is mental health medication ordering; Wellbutrin 100'mg also Clonidine 0.2 mg & Topiramate 50'mg.

2. Exhibit "B" is plaintiff medical report from disease specialist doctor James O'Halloran Dated 1-22-03 is plaintiff viral C-D-4 count.

3. Exhibit "C" is also plaintiff C-D-4-Human immunodeficiency virus count dated 11-20-02 from same Specialist Doe v. Meachum Doctor mr, James O'Halloran Health screening.

4. Exhibit "D" is also from plaintiff mental health Doctor mr, Daniel Bannish, psy.D dated February 4, 2003.

By: James Lee McKinnon
By: James Lee McKinnon pro se
Walker-Reception-Unit
1153- East-Street-South
Suffield Connecticut 06078

By: James McK
James McKinnon pro se
Corrigan Rodgowski Correctional Center
986, Norwich New London
Uncasville CT. 06382

(12)

Statement of material facts under the Americans with Disabilities Act. Clinical facts to support plaintiffs' claim's are Exhibits' (ADA) Act 42 U.S.C. § 12101 et seq.

5. Exhibit "E" is from plaintiff mental Health Doctor saying the medication has expir 5 day's plaintiff without mr. Daniel Bannish psy-D

6. Exhibit "F" is to say plaintiff mental Health Level is #3 Also medical.

By James Lee McKinnon
By James Lee McKinnon
James Lee McKinnon Prose
Walker Reception unit
1153 East Street South
Suffield, CT 06078

By James Lee McKinnon
James Lee McKinnon
Corrigan Rodgowski
Correctional Center
986, Norwich New London
Uncasville CT, 06382

⑬

04/28/09 TUE 09:09 FAX 2   272 4337   CCI HEALTH SVCS    WEBSTER MEDICAL    @003

James McKinnon   Exhibit A
James McKinnon

HR925 REV. 12/95
**CONNECTICUT DEPARTMENT OF CORRECTION**
**PHYSICIAN'S ORDERS**

James McKinnon

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 100770 | 11/9 |

INMATE NAME (LAST, FIRST, INITIAL): McKinnon, James

| SEX | RACE/ETHNIC | FACILITY |
|---|---|---|
| M | B | Carver |

**INSTRUCTIONS FOR USE:** Physicians must sign name and title under each order. Each order must be initialed in the space provided by the licensed nurse who transcribed the order. Medications will be dispensed according to brands stocked in pharmacy.

**DRUG ALLERGIES / HYPERSENSITIVITY**    NKA

| Date | Time | ORDER / RATIONALE | Nurse's Signature and Title |
|---|---|---|---|
| 1/23/03 | 130P | Motrin 800mg # 8 TAB 1 TAB qid x 2 days D/C Tylenol order for 2 days And Then Resume it. DR. DENNIS R. PETERSEN, D.M.D | |
| 1/28/03 | 1130A | Hold Tylenol order for 5 DR. DENNIS R. PETERSEN, D.M Motrin 800mg x 20 TAB 1 TAB | |
| 2/4/03 | 9P | Maalox 30 cc's po 1.0 before am med until seen by MD | |
| 2/4/03 | 10:55A | ① Wellbutrin 100mg po q 1PM + 8PM ② Clonidine 0.2mg po q 1PM + 8PM ③ Topamax 30mg po q 1PM + 5PM | |
| 2/5/03 | | Maal-x 30cc po 1/2 hour before pm med x 5 months | |
| 2-10-03 | | Erythromycin Opth Oint BID OS x 10 day MINGZER TUNG, M.D. | |
| 2/20/03 | 930 | Clonidine 0.2mg q6°pro | |

**AUTHORIZATION IS HEREBY GIVEN TO DISPENSE THE MEDICATION EQUIVALENT**
**(UNDER THE D.O.C. FORMULARY SYSTEM) UNLESS THE PRODUCT DESCRIBED IS CIRCLED**

(14)

James McKinnon Exhibit B
James McKinnon

HR92S REV. 12/95
**CONNECTICUT DEPARTMENT OF CORRECTION**
**PHYSICIAN'S ORDERS**

James McK——

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 100770 | 11/9/6 |
| INMATE NAME (LAST, FIRST, INITIAL) | |
| McKinnon, James | |
| SEX | RACE/ETHNIC | FACILITY |
| Ⓜ F | Ⓑ W H O | GCT |

**INSTRUCTIONS FOR USE:** Physicians must sign name and title under each order. Each order must be initialed in the space provided by the licensed nurse who transcribed the order. Medications will be dispensed according to brands stocked in pharmacy.

**DRUG ALLERGIES / HYPERSENSITIVITY**  NKA

| Date | Time | ORDER / RATIONALE | Nurse's Signature and Title |
|---|---|---|---|
| 1/8/03 4 PM | | Vaseline — D/C 2-7-03 | |
| | | Basis soap — D/C 2-8-03 | |
| | | Move LFT testing to this month | |
| | | Return after LFT back | |
| 1/20/03 | 10:25 | Clindamycin 0.2g pc q6h prn anxiety x 18d | |
| 1/21/03 2 AM | | Selsun Shampoo × 6 month | |
| | | Tylenol 325 mg 1-2 po q 6 hours × 3 months | |
| | | Vaseline lot qd to b.d × 6 months | |
| | | Nizoral Shampoo × 6 months | |
| | | T-gel Shampoo × 6 months | |
| | | Tenofovir 300 mg po qd c̄ dinner × 3 month | |
| | | Epivir 150 mg po q 12 hours × 3 month | |
| | | Zerit 40 mg po q 12 hours × 3 months | |
| | | CD4 and HIV viral load in 6 wks | |
| | | RTC in 8 wks | |

Exhibit B

**AUTHORIZATION IS HEREBY GIVEN TO DISPENSE THE MEDICATION EQUIVALENT (UNDER THE D.O.C. FORMULARY SYSTEM) UNLESS THE PRODUCT DESCRIBED IS CIRC**

⑮

04/28/09 TUE 09:10 FAX 203 21 1337   CCI HEALTH SVCS   →→→ WEBSTER MEDICAL   ☐005

James McKinnon Exhibit C
James McKinnon

HR925 REV. 12/95
CONNECTICUT DEPARTMENT OF CORRECTION
**PHYSICIAN'S ORDERS**

James McKinnon

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 100770 | 11/9/61 |

| INMATE NAME (LAST, FIRST, INITIAL) | | |
|---|---|---|
| McKinnon James | | |

| SEX | RACE/ETHNIC | FACILITY |
|---|---|---|
| M ☒ F | B ☒ W H O | GCI |

INSTRUCTIONS FOR USE: Physicians must sign name and title under each order. Each order must be initialed in the space provided by the licensed nurse who transcribed the order. Medications will be dispensed according to brands stocked in pharmacy.

## DRUG ALLERGIES / HYPERSENSITIVITY   · NKA

Exhibit C

| Date | Time | ORDER / RATIONALE | Nurse's Signature and Title |
|---|---|---|---|
| 11-13-02 | 14:00 | May have flu vaccine (make sure pt not allergic to egg) MINGZER TUNG, M.D. | noted/Vincent 11/18/02 |
| 11/20/02 | 11 AM | Basis soap 9 month × 6 month Vaseline × 6 month LFT's in 2 months CD4 and HIV viral load in 2 months RTC after bloodwork back | faxed noted/Vincent 11/20/02 1545 |
| 12/3/02 | | Wellbutrin 100mg po 1pm + 8pm Clonidine 0.2 mg po 1pm + 8p Topiramate 50mg po 1pm + 8p Clonidine 0.2mg po Q6° PRN DOT T.O. Dr. Harris / N. Stanton | × 30 days |
| 12/6/02 | 2:30p | ⊕ Sign all stops | |

AUTHORIZATION IS HEREBY GIVEN TO DISPENSE THE MEDICATION EQUIVALENT (UNDER THE D.O.C. FORMULARY SYSTEM) UNLESS THE PRODUCT DESCRIBED IS CIRCLED.

⑯

By James Lee McKinnel
By Jam McK

3. I have exhausted available administrative remedies. __✓__ Yes ____ No.
    If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
    If your answer is "No," briefly explain why administrative remedies were not exhausted.
    with Level "1" and Level "2" inmate grievance form's. PlainTiff is not required To exhaust administrative remedies befor suing under the "public entity" provisions of Title '2' of the Americans with Disabilities Act, please see, Noland v. wheaTley, 835 F. Supp. 476, 482 (n. D. In 1983) Finley v. Giacobbe, 827 F. Supp. 215, 219 n. 3 (S.D.n.Y. 1993);

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
    If you are not incarcerated, go to section G.

   a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

   b. Name and location of court and docket number _____

   c. Grounds for dismissal:  ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

   d. Approximate date of filing lawsuit:_____

   e. Approximate date of disposition: _____

2. Are you in imminent danger of serious physical injury? ____ Yes ____ No.
    If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

United States District Court

District of Connecticut

James McKinnon    Case, 3:03CV71(JBA)(JGM)
100770
Plaintiff

V.

Jose Delgado, ETaL
"And Others"

## Certificate

Plaintiff above respecfully certify through this attachment that this claim to be true and to the best of my ability; on this 29th Day of December 2003,

By x /s/ James Lee McKinnon
James Lee McKinnon prose
Walker Reception Unit
1153 East Street South
Suffield, Connecticut

(21)

## Certification

I certify though this attachment this claim to be true and to the best of my obility on this <u>13th</u> day of August 2004. Also I certify through this attachment that this claim to be <u>true</u> and to the best of my obility.

Defendants Individual Capacity

Jose Delgado; ETAL
John LaHDa
Helen Dorsey
Sandi Orleman
Yolanda Zayas
KunjaThan THankppan
AQil Hashim
    Bruono
    Kozikowski
        Frank
_____

Byx _____
James McKinnon prose
Corrigan Rodgowski
Correctional Center
986. Norwich NewLondon
Turnpike Uncasville
        CT. 06382