United State District Court

District of Connecticut

FILED
2005 FEB 18 P 2: 35
U.S. DISTRICT COURT
BRIDGEPORT CONN.

James McKinnon   . Civil no. 3:03cv71

V.   . (JBA) (JGM)

Jose Delgodo, ETAL.
Defendants                February 15, 2005

Individual Capacity Defendants

Plaintiff motion is Respectfully to court first Scheduling Order Dated January 24, 2005,

Plaintiff Respecpectfully Respond with motion for Summary judgment under Rule 56, D, with memorandum of Law in Support of Plaintiff

Summary judgment motion,

1. Plaintiff understand that the court will never weigh the evidence, weigh the evidence or find the facts, however the courts role under Rule 56, D, is narrowly limited to assessing, the issue exists as to material facts requiring a Trial. Please see, ANDERSON v. LIBEERTY LOBLY: Inc

Respectfully
Plaintiff
By: James Lee McKinnon
James Lee McKinnon

1 of 14

2. In This Case The plaintiff James McKinnon prose have presented absolute concerete proof of Constitutional as well as state violations, and The fact That defendant Helen dorsey said on Level 'B' grievance Disposition Dated December 13, 2003, That it was no four point restraint From frum The Department of Correction Clinical Record HR 401 - REV. 5/94, with a date of June 27, 2002 plaintiff was in four points.

3. Pursuant To Federal Rule 56, Civ. P. moves This court respecfully To grant him Summary judgment as To a matter of Law,

4. If on motion under This rule, judgment is not rendered upon The whole case or for all The relief asked and a Trial is necessary, The court at The hearing of The motion by examining The pleadings counsel, Shall if practicable ascertain what material facts are actually and in good faith controverted, It Shall There upon make an order Specifying The facts That appear without Substantial Controversy, Including The extent To which The amount of damages or other relief is not in controversy, and directing such further proceedings in The action as are just, Upon The Trial of The action The facts So specified Shall be deemed established, and The action Trial Shall be conducted accordingly.

Respecfully
Plaintiff
By James Lee McK---
James Lee McKinnon

5. Plaintiff have filed 1983 Civil rights Law Suit against The defendants To contend That The facts are so over wheming in Support of The allegations which he forwarded in The interest of justice The plaintiff is more likely To prosper.

6. Plaintiff James McKinnon is a citizen of United States who presently resides at MacDougall Correctional 1153, East Street South Suffield Connecticut, 06080. ID 100770

7. Defendants are citizen's of United States who presently resides at garner Correctional Institution 50# Nunnawak Road NewTown Connecticut, 06410.

8. At The Time The claim's alleged in This complaint arose was defendants acting under color of State law.?, yes Plaintiff explains.

Respecfully<br>
Plaintiff<br>
Byx James Lee McKin<br>
James Lee McKinnon

## Claims for Relief

9. On June 27, 2002 Defendant Jose Delgado who is employed as Captain unit mannager in garner mental Health units, He approved the use of four point restraints maliciously and sadistically for the purpose of causing the plaintiff pain, and it was serious pain. my clothing was cutoff in the restrants with staff on top of me side's no sheets the cell temperature was bitter cold I was not provided clothing to keep warm then I notified staff of my need for bodily function a hour the nurse came I was to stay wet in bodily functions causing emotional distress from the suffered conditions of that confinement.

Plaintiff
James McK
James McKinnon

## Memorandum of Law in Support of Relief

Many prison mental health care cases focus on the lack of adequate and qualified staff, Langley V. Coughlin 715 F. Supp at 540 (use of untrained or unqtified personnel with inadequate supervision by psychict supported constitutional claims) Greason V. Kemp, 891 F.2d at 837-40 (prison clinic director, prison system mental health director and prison warden could be found deliberately indifferent based on their knowing toleration of a clearly inadequate mental health staff).

Respectfully
By: James Lee McK
James Lee McKinnon

## Claims for Relief

10. Defendant John Lahda who is employed as Treatment major in garner Correctional has now removed administrative directive 9.4 from Legal Library to preventin plaintiff efforts to pursue this legal claim, because of this I became humiliation and mental anguish from the absence of proper procedures, Also emotional distress because United States Constitution and the Connecticut Constitution guarantee my acces to this Legal wark.

Respecfully
Byx James Lee McKinnon
James Lee McKinnon

## Memorandum of Law in Support of Relief

The United States Constitution and the Connecticut Constitution guarantee prisoner access to State and Federal courts. please see; <u>Bounds</u> v. <u>Smith</u> 430 U.S. 817, 821 1977 Also please see, Conn. Const Art 1 § 10., This means that prisoners must not be deprived of any thing that is necessary to give them a reasonably adequate opportunity to present claimed violations of fundamental and constitutional rights, please see, <u>Bounds</u> v. <u>Smith</u> 430 U.S. 817.825 (1977).

Respecfully
Byx James Lee McKinnon
James Lee McKinnon

# Claims For Relief

11. Defendant Helen Dorsey who is employed as mental health medical administrator in garner That plaintiff request on a grievance form Level 'A' and 'B' Appeals for The Connecticut Department of Correction Clinical Record HR 401-REV. 5/94 from with a date of June 27, 2002, The day plaintiff was in four point Restrants, Because defendant Dorsey said on Level 'B' Disposition Dated December 13, 2003 it was no four point Restrant form, Also because The information in need was violations That Cause me much Serious pain from The four point and The bodily function I was To stay wet without Sheet's, without clothing That was cut off for The bitter cold cell, To Suffer such emotional distress I Suffered Also from This absence of proper procedures from defendant Helen dorsey.

Respecfully
Byx James Lee McKinnon
James Lee McKinnon

---

# Memorandum of Law in Support of Relief

The Keeping of medical records is a necessity. please see, Johnson-El v. Schoemehl, 878 F.2d 1043, 1055 (8Th Cir 1989).

Numerous courts have condemened The failure To maintain a reasonably complete and organizd system of medical records, please see, Brown v. Coughlin 758 F. Supp 876. 882 (S.D.N.Y.1991) (Failure To Transfer necessary medical records in a Timely fashion supported a deliberate indifference claim)

Respecfully
Byx James Lee McKinnon
James Lee McKinnon

# Claims for Relief

12. Defendant Sandi Orleman who is employed as a nurse in Garner Correctional medical, that on June 27, 2002 defendant is the nurse to have checked on the plaintiff to periodically relaxed the restraints that was provided purpose of causing a serious pain, and when plaintiff notified staff of the need for bodily functions, this nurse came much later "one hour" by then plaintiff wet the bed that was without sheets, also my clothing was cut off and defendant came. Plaintiff was to stay on the wet bed and bitter cold, because I don't have a normal medical condition, with Doe v. Meachum, I was concern about the removal of my clothing also,

Respecfully
Byx *[signature]*
James Lee McKinnon

# Memorandum of Law in Support of Relief

Only inmates in restrictive housing, discussed in Chapter 7, Classification and Spical housing, may be placed in four point restraints, such restraints must be soft, wide and flexible, and can only be approved by shift supervisor, the shift supervisor must review the inmate's status every two hours, the inmate must be observed by staff at least every 15 minutes and checked by medical staff two hours, if medically necessary to allow proper circulation, an inmate's restraints should be relaxed periodically. Finally the DOC requires that adequate accommodations be made to relieve an inmate of necessary bodily functions.

Respecfully
Byx *[signature]*
James McKinnon
Lee

# Claims for Relief

13. Defendant Yolanda Zayaz who is employed as records employee in garner medical unit said on December 5, 2005 when she came to plaintiff cell in segregation with a copy of my whole medical file and she the defendant said I need I give her the date I was in four-point restraint,

When the plaintiff gave the date to the employee she lef, and when she came back and said to the plaintiff I have to sign for it, as the plaintiff was signing for the paper's information from June 27, 2002, I stop and ask to view the four point restraint information, the defendant employee yolanda Zayas did not have it.

Respecfully)
Byx James Lee McK
James Lee McKinnon

## Memorandum of Law in Support of Relief

Adequate and accurate records are of critical importance in any attempt to provide a continuity of medical care" and absent or deficient records create "the possibility for disaster. please see, Burks v. Teasdate, 492 F.Supp. 650. 676 (W.D.mo.1980).

Respecfully)
Byx James Lee McK
James Lee McKinnon

# Claims for Relief

14. Defendant Thankappan who is employed as mental health psychiatic in garner medical that on June 27, 2002 without a screening of plaintiff mental condition that was not incompetent mental healthy, and the defendant authorized two needles of medication in plaintiff Leg againts my will, I ask the nurs to stop please don't give me that I am not mentally ill nurse Frank also defendant said it's not his Judgment, as he stop and phone this defendant and that I request not to have the medication and I was not mentally ill, he came back and said the psychiatic defendant Thankappn said I have no choice in treatment.
I suffer distress emotionl.

Respecfully
By× James Lee McK—
James Lee McKinnon prose

---

# Memorandum of Law in Support of Relief

psychiatic treatment may not be used for disciplinary purposes, please see, Knecht v. Gillman 488 F. 2d 1136, 1139-40 (8th Cir.(1973)(punitive use of drugs is unlawful) Wheeler v. Class 473 F. 2d 983, 987 (7th Cir. 1973) use of restraints for discipline of mentally retarded youths violated the Eighth Amendment

Respecfully
By× James Lee McK—
James Lee McKinnon

## Claims For Relief

15. Defendant Aqil Hashim who is employed as P.S.W. Mental Health Counselor in Garner that did not notify employs on June 27, 2002 that plaintiff mental health status was not in need of medication of four point restraints from self injury, and I was violated by the conduct of this defendant's unsupported obsence of proper procedures, Emotional distress from maliciously

Respecfully
By x James Lee McK——
James Lee McKinnon

## Memorandum of Law in Support of Relief

Many prison mental health care cases lack adequate and qualified staff, please see Langley v. Coughlin 715 F. Supp at 540 (use of untrained or unqlified personnel with inadequate supevison psychiat suppoted constitutional claims)

Respecfully
By James Lee McK——
James Lee McKinnon

10 of 14

# Claims For Relief

16. Defendant Bruono who is employed as Correctional officer in garner Correctional That was on Top of one side of Plaintiff witha Shell on June 27, 2002 covering one side of The plainTff for Two needles in PlainTiff leg of mental health medications against my will. I was scard for my life emotional distress.

Respecfully
By× James Lee McKinnon
James Lee McKinnon

---

## Memorandum of Law in Support of Relief

Prisoners have a right under The Due Process Clause To avoid The involuntary use of antipsychotic medications Haldol, Prolixin, Mellari, and similar drugs), please see; maul V. Constan 928 F.2d 784, 785 (7Th Cir. 1991) (lower court found That forcible administration of psychotropics denied due process)

Respecfully
By× James Lee McKinnon
James Lee McKinnon

## Claims For Relief

17. Defendant Kozikowski who is emplowed as Correctional officer in garner Correctional That was on Top of one side of PlainTiff with a Shell on June 27, 2002 covering oneside of The plainTiff Leg for The Two needles of menTal healTh medication againT my will, I was scard for my life emoTional disTress.

Respecfully
By x James Lee McK
James Lee McKinnon

## Memorandum of Law in SupporT of Relief

PsychiaTric TreatmenT may noT be used for disciplinary purposes. please see, Nelson v. Heyne, 491 F.2d 352, 356-57 (7Th Cir) Tranquilizers could not be used To Keep order).

Respecfully
By x James Lee McK
James Lee McKinnon

# Claims for Relief

18. Defendant Frank who is employed as nurse in garner medical gave plaintiff on June 27, 2002 two needles of mental health medication in the leg with defendant's Broono also Koziowski on top of the plaintiff that was in four point restraint with clothing that was cut off because of my condition I did not think I was gowing to make it after the medication in my leg, I was sufferring from emotional distress.

Respecfully
By x James Lee M<sup></sup>
James Lee McKinnon

# Memorandum of Law in Support of Relief

Psychiatic Treatment may not be used for discplinary purposes, please see: Knecht V. Gillman 488 F.2d 1136 1139-40 (8Th Cir(1973) punitive use of drugs is unlawful) Wheeler V. Class 473 F.2d 983, 987 (7Th Cir 1973) use of restraints for discipline of mental retarded youths violated the Eighth Amendment.

Respecfully
By x James Lee M<sup></sup>
James McKinnon

# Certification

I hereby certify that a copy of the foregoing was mailed to the defendants attorney of record this __15th__ day of 2005, Also certify this attachment to be true and to the best of my ability Defendant's Individual Capacity.

Jose Delgado, ETAL
John Lahda
Helen Dorsey
Sandi Orleman
Yolanda Zayas
Thankappan
Aqil Hashim
Bruono
Kozikowski
Frank

Robert Fiske
Assistant Attorney General
110 Sherman Street
Hartford Connecticut
06105

Respecfully
Plaintiff
By: James Lee McK
James Lee McKinnon, prose
Macdougall Correctional
1153, East Street Sooth
Suffield Connecticut
06086

14 of 14