UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MCKINNON | : | PRISONER: |
| | : | 3:03CV71(JBA)(JGM) |
| V. | : | |
| | : | |
| JOSE DELGADO, ET AL | : | MARCH 23, 2005 |

**DEFENDANTS OPPOSITION TO THE PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

  The defendants oppose the plaintiff's motion for summary judgment and submit that because it does not comply with the requirements set forth in Rule 56(a)1 of the Local Rules of Civil Procedure for the District of Connecticut, it should be denied.

**A. Legal Standard**

  Federal Rule of Civil Procedure 56(c) requires the entry of Summary Judgment "....if the pleadings, depositions, answers to interrogatories, and admissions on file together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  "[T]he mere existence of a factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*. 477 US 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

  The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the portions of the pleadings, affidavits or other documentary evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact."

*Celotex*, 477 U.S. at 323. Those facts that are material will be identified by the substantive law governing the case. *Anderson,* 477 U.S. at 248. However, the moving party may not merely rely upon unsupported allegations made in their complaint, nor rely on "mere speculation or conjecture" to win on a motion for summary judgment. *Knight v. Fire Insurance Company,* 804 F.2nd 9, 12 (2nd Cir. 1986), *cert. denied*, 480 U.S 932 (1987). The evidence must be presented in a manner consistent with its admissibility at trial. *See First National Bank Co. of Clinton, Ill. v. Insurance Co. of North America*, 606 F.2d 760 (7th Cir. 1979) (ruling on summary judgment motion, the court properly relied upon documents and exhibits identified by affidavit). The allegations in a complaint, unsworn statements of the parties, letters addressed to the litigants from third persons, and hearsay which does not fall under one or more exceptions listed in rules 803-805 of the Federal Rules of Evidence, may not be properly considered. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Beyene v. Coleman Security Service, Inc.*, 854 F.2d 1179 (9th Cir. 1988); *Edward B. Marks Music Corp. v. Stansy Music Corp.*, 1 F.R.D. 720 (S.D.N.Y. 1941). The movant must also produce evidence to show the existence of every element essential to the case which it bears the burden of proving at trial. *Equimark Commercial Finance Co. V. C.I.T. Financial Services Corp*, 812 F.2d 141, 144 (3d Cir. 1987).

**B. Argument**

In this case, the plaintiff has not complied with the Local Rules for the United States District Court for the District of Connecticut and thus his motion should be denied. Indeed, Rule 56(a)1 of the Local Rules states that "[t]here shall be annexed to a motion for summary judgment

a document entitled 'Local Rules 56(a)1 Statement,' which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. . . .".  L.R.C.P. Rule 56(a)1.  In addition, this Local Rule requires that "[e]ach statement of material fact by a movant in a Local Rule 56(a)1 Statement . . . must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."  The penalty for "when the movant fails to comply, [is] an order denying the motion for summary judgment.  Local Rule 56(a)3.

Therefore, given that the plaintiff-movant has not included a Local Rule 56(a)1 Statement nor included any citations to admissible evidence which supports his motion for summary judgment, his motion should be denied in its entirety.  Local Civil Procedure Rule 56(a)3.

## CONCLUSION

Therefore, because the plaintiff-movant has not complied with Local Rule 56(a)1, his motion for summary judgment should be denied in accordance with Local Rule Civil Procedure 56(a)3.

          DEFENDANTS
          Jose Delgado, Et Al

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

By: /s/
Robert B. Fiske, III
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel; (860) 808-5450
Fed. No: ct 17831
e-mail: robert.fiske@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy was mailed this, the 24th day of March, 2005 to:

Mr. James Lee McKinnon, #100770
MacDougal Correctional Institution
1153 East Street South
Suffield, CT 06086

/s/
Robert B. Fiske, III
Assistant Attorney General