United States District Court

District of Connecticut

FILED
2005 APR 22 P 4:34
U.S. DISTRICT COURT
BRIDGEPORT, CONN

James McKinnon
  Plaintiff

vs.

Jose Delgado, ETAL
John Lahda
Helen Dorsey
Sandi Orleman
Yolanda Zayas
KunjaThan Thankappan
Aqil Hashim
Bruono
Kozikowski
Frank
Defendants   Individual   Capacity)

Civil no. 3:03CV71
(JBA) (JGm)

April 15, 2005

Plaintiff Opposes Defendants motion To Dismiss Summary Judgment Dated march 23, 2005, with Plaintiff motion Memorandum of Law in Support of Complaint pursuant To Local Rule (5), b, Civil Procedure.

Plaintiff
By: James McKim
James McKinnon prose

1 of 14

1. Plaintiff have filed this 1983 civil rights law suit againts the defendants, To contend that pursuant To Rule 56, (a)(b)(c)(d) Fed. R. Civil. P. Plaintiff show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of Law. A Summary judgment my be rendered on the issue of liability alone although there is a genuine issue at the amount of Damges.

2. I James McKinnon Plaintiff prose move This court not to held me in the same standards as an attorney.

3. Defendants are not entitled to This judgment because they are without submitting an adequate evidentiary basis for it.

4. They fail to establish the necessary facts in the manner required by the rules, Plaintiff ask The court to deny their motion on that ground.

5. In particular Courts have held that prison officils who argue that a prison rule or practice should be upheld as reasonobly related to legitimate penological objective must submit evidence To that effect, and not just the argument, Walker v. Summer 917 F.2d 382, 386-87 (9Th Cir 1990) Hunafa v. Murphy 907 F.2d 46 48 (7Th Cir. 1990 Swift v. Lewis 901 F.2d, 730, 731-32 (9Th Cir 1990) Pressley v. Brown 754 F. Supp. 112 117 (W. D. Mich 1990).

By: James McKinnon
James McKinnon pr

6. This means That prison officials generally can not get judgment based on a Lawyers offidavit They will have To submit Their own affidavits or deilarations attesting To The reason for Their practices.

7. Plaintiff arguing That The defendants have not Submitted an adequate Factul Case, Plaintiff has put Sufficient Facts befor The court To Show That There is a genuine factual issue as To each point on which plaintiff bear The burden of Proof. Celotex Corp v. Catrett 477 U.S. 317, 322-23. 106 S.CT.25, 48 1986).

8. Plaintiff James Mckinnon is a citizen of United States who presently resides at Corrigan Rodgowski Correctional Center 986, Norwich New London Uncasville Connecticut, 06382

9. Defendants are citizens of United States who presently resides at garner Correctional Institution 50' Nunnawalk Road Newtown Connecticut 06470.

10. AT The Time The claim's' alleged in This complaint arose was defendants acting under color of State Law '?' yes. plaintiff explains.

Plaintiff<br>
By x James Mc...<br>
James McKinnon pro se

11. Defendant Jose Delgado who is employed as Captain Unit Manager in garner mental health units

Defendant approved use of four point restraints, shift supervisor.

## Memorandum of Law in Support of the Plaintiff's Motion for Summary Judgment

Many prison mental health care cases focus on the lack of adequate and qualified staff, Langley v. Coughlin, 715 F. Supp. at 540 (use of untrained or unqlified personnel with inadequate supervision by psychiat supported constitutional claims) Greason v. Kemp 891 F.2d at 837-40 prison clinic director, prison system mental health director and prison warden could be found deliberately indifferent based on their knowing toleration of a clearly inadequate mental health staff.

The failure to train correctional staff to deal with mentally ill prisoners can also constitute deliberate indifference, Langley v. Coughlin 709 F. Supp. at 483-85 Kendrick v. Bland, 541 F. Supp. 21, 25-26 (W.D. Ky. 1981) also Sharpe v. City of Lewisburg Tenn, 677 F. Supp. 1362, 1367-68 (M.D. Tenn 1988) Failure to train police to deal with mentally disturbed individual supported damage award Restraints was used maliciously purpose to couseng pain Eighth Amendment violations

By James McKinnon
James McKinnon

12. Defendant John Lahda who is employed as Treatment Major in Garner Correctional mental health units.

Defendant has removed the administrative directive from Law Library to prevent the Plaintiff efforts to pursue this Legal Claim.

## Memorandum of Law in Support of the Plaintiff's Motion for Summary Judgment

United States Constitution and the Connecticut Constitution guarantee prisoners access to State and Federal Courts, please see, Bounds v. Smith 430 U.S. 817, 821 (1977) See also Conn. Const Art 1 § 10., This means that prisoners must not be deprived of anything that is necessary to give them a reasonably adequate opportunity to present claimed violations of Fundamental and constitutional rights, Also Bounds v. Smith 436 U.S. 817, 825 (1977).

By: /s/ James McKinnon
James McKinnon prose

13. Defendant Helen Dorsey who is employed as a medical Administrator in garner.

Plaintiff request medical checke least infromation from defendant, and this administrator said it was not one on Plaintiff inmate grievance Level'A!

## Memorandum of Law in Support of The Plaintiff's motion for Summary judgment

Documentary evidence may be presented where doing so would not be unduly hazardous to institutional safety, or Correctional goals. Please see Wolff v. McDonnell, 418 U.S. 539, 566, 94 S. CT. 2963, 1974).

Numerous courts have held that there is a limited due process right to examine, or to have produced at the hearing, documents in prison officials possession that may help determine whether you're are guilty. Please see, Smith v. Mass. Dept. of Correction, 936 F.3d 1390, 1401 (1st Cir. 1991)(prison officials must explain denial of relevant and important documents central to the construction of a defense) Compbell V. Henman, 931 F.2d 1212, 1214 (7th Cir. 1991)(exculpatory evidence must be disclosed to the prisoner).

Plaintiff
By James McK____
James McKinnon prose

14. Defendant Sandi Orleman who is employed as a nurse in garner mental health units.

The defendant is the nurse to have checked on the plaintiff and relaxed periodically the restraints that was not provided, the purpose of causing serious pain violation of plaintiff Eighth Amendement,

Also in violation plaintiff notified staff of the fact a need for bodily functions, This Defendant came much later one hour, and that time plaintiff wet the bed with no sheets, Defendant came and plaintiff was to stay on wet bed and cold a violation of plaintiff Eighth Amendement.

Memorandum of Law in Support of The Plaintiff's motion for Summary judgment.
_____

If restraints are used maliciously and sadistically for the purpose of causing pain, and do cause serious pain, an inmate may bring a lawsuit claiming that his or her rights under the Eighth Amendment have been violated. Please see, DOC Adm. Dir. 6.5(8)(D).; Such restraints must be soft, wide and flexible, DOC.Adm.Dir.6.8(8)(C), Also The DOC. requires that adequate accommodations be made to relieve an inmate of necessary bodily functions. Please see, DOC. Adm. Dir 6.5(8)(C).

By x James McKi——
James McKinnon prose

15. Defendant Yolanda Zayas who is employed as medical records employee in Garner Correctional.

On December 5, 2002 the defendant came to the plaintiff cell in segregation with a copy of plaintiff whole medical file and said I need the date I was in four point restraint,

When the plaintiff gave the date this employee left and came back and said to plaintiff you'll have to sign for it, as the plaintiff was sining for the four point restraint information, I stop and ask to view the paper, this employee yolanda Zayas did not have it.

## Memorandum of Law in Support of the Plaintiff Motion for Summary Judgment

The first asks whether there exists a liberty or property interest which has been interfered with by the state. The second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. Please see. <u>Davidson</u> v. <u>Cannon</u>, 474 U.S. 344, 349, 306 S.CT. 668 (1986) However if the deprivation of liberty or property is intentional, it is no defense that officials were only negligent in denying you due process.

Plaintiff
By x James mck_____
James McKinnon pro se

16. Defendant Kunjathan Thankappan who is employed as mental health psychiatic in garner medical. Defendant authorized two needles of medication in plaintiff leg againts his will.

## Memoradum of Law in Support of The Plaintiff motion for Summary Judgment.

Psychiatic Treatment may not be used for disciplinary purposes. pleas see, Knecht v. Gillman 488 F.2d 1136, 1139-40 (8th Cir (1973) (punitive use of drugs is unlawful) Wheeler v. Class 473 F.2d 983, 987 (7th Cir. 1973) (Use of restrants for discipline of mentally retarded violated The Eighth Amendment.

Plaintiff
By x /s/ James McKinnon
James McKinnon pro se

17. Defendant Aqil Hashim who is employed as P.S.W. mental health Counselor in garner medical.

Defendant did not notify employs that Plaintiff mental health status was not in need of four point restraints from self injury.

## Memorandum of Law in Support of The Plaintiff motion for Summary Judgment.

Many prison mental health care cases lack of adequate and qualified staff. pleas see, Langley v. Coughlin 715 F. Supp. at 540 (use of untrained or unqlified personnel with inadequate Superivison by psychial supported constitutional Claims) Greason v. Kemp 891 F.2d at 837-40 (prison clinic director prison system mental health director and prison warden could be found deliberately indifferent based on Their Knowing Tuleration of a clearly inadequate mental health staff).

Plaintiff
By: James McK_____
James McKinnon prose

18. Defendant Bruono who is employed as Correctional officer in garner Correctional medical units.

Defendant was on Top of Plaintiff with a Shell oneside covering for two needles in Plaintiff Leg of medication against my will.

## Memorandum of Law in Support of The Plaintiff motion for Summary Judgment.

The failure to train correctional staff to deal with mentally ill prisoners can also constitute deliberate indifference; Please see, Langley v. Coughlin, 715 F. Supp. at 540 use of untrained or unqualified personel with inadequate supervison by psychiatrist Supported constitutional claims) deliberate indifference.

Plaintiff
By x James McK_____
James McKinnon prose

19. Defendant Kozikowski who is employed as Correctional officer in garner Correctional mental health.

Defendant was on Top of Plaintiff one side covering for Two needles in plaintiff Leg of medication against my will.

## Memorandum of Law in Support of The Plaintiff motion for Summary Judgment.

Plaintiff is under This holding an exception To The general rule That competent adult are entitled To refuse medication Treatment. please see, people v. medina, 705 P.2d 961 (Colo 1985) (en banc) competent patients can refuse incompetence must be determined judicially by clear and convincing evidence patients have Ther right To counselor state statutes and Common Law cited).

Plaintiff
By× /s/ James McKinnon
James McKinnon prose

20. Defendant Frank who is employed as nurse in garner mental health units.

Defendant gave Plaintiff two needles of medication in the leg against my will.

## Memorandum of Law in Support of the Plaintiff motion for Summary judgment.

Prison officials must provide a medical staff that is adequate.

Plaintiff is entitled to notice and a hering befor being committed to a mental health hospital, The stigma attached to psychiatric commitment and the possibility of involuntary subjection to psychiatric treatment constitute a deprivation of liberty requiring due process. please see, Vitek V. Jones, 445 U.S. 480, 494-96 S.CT. 1254 (1980). The process due before commitement to a mental haspital includes written notice, an adversary hearing including the right to present witnesses and confront and cross-examine adverse witnesses an independent decision maker, a written decision and assistance from a qualified and independent advisor. Please see, Miller V. Vitek, 437 F. Supp. 569, 575 (D. Neb. 1977)

Plaintiff
By James mck
James mckinnon prose

## Certification

I hereby certify that a copy of the foregoing was mailed to the following Defendants Attorney on record this 15th Day of April 2005

Defendants  Individual Capacity

Jose Delgado, ETAL
John Lahda
Helen Dorscy
Sandi Orleman
Yolanda Zayas
Kunjathan Thankappan
Aqil Hashim
Bruono
Kozikowski
Frank
Defendants
_____

Robert B. Fiske
Assistant Attorney General
110, Sherman Street
Hartford Connecticut
           06105

Plaintiff
Bgx James mck_____
James mckinnon
Corrigan Rodgowski
Correctional Center
986, Norwich NewLondon
Uncasville, CT
           06382