United States District Court

District of Connecticut

FILED
2005 MAY 23 P 4:47
U.S. DISTRICT COURT
BRIDGEPORT, CONN

James McKinnon  :  Civil no. 3:03CV71
  Plaintiff
                  :  (JBA)
V.
                        May 3, 2005
Jose Delgado, ETAL
Defendant's   Individual Capacity

Plaintiff Motion Memorandum of Law for Support Request Immediate Preliminary Injunction Rule 65(b), Fed.R.Civ.P.

1. Plaintiff James McKinnon prose moves this honorable court Respectfully for immediate relief in the form of a preliminary injunction barring Department of Correction Staff from Preventing the plaintiff from meeting deadlines. This denial of access to the courts is not the product of prison regulations reasonably related to legitimate penological interests.

Respectfully
By: James McK_____
James McKinnon prose

2. This is § 1983 action filed by a prisoner at the Connecticut Department of Correction Corrigan Correctional Institution seeking a mandatory perliminary injunction that need be granted to prevent Plaintiff from suffering irreparable harm while he awaits disposition of case's.

3. For Plaintiff to get a preliminary injunction, he must show some combination of the following things. Please see. Diamantiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990) Eng. v. Smith 849 F.2d 80, 81-82 (2d Cir. 1988) Libertarian Party of Texas v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984) Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982).

4. Plaintiff will suffer irreparable injury and without an preliminary injunction, Most courts hold that a showing that your constitutional rights are likely to be violated is enough to meet the irreparable harm requirement. Please see. Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976) Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989) Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984) Campos v. Coughlin, 854 F.Supp. 194, 204 (S.D.N.Y. 1994) Cohen v. Coahoma County, Miss, 805 F.Supp. 398, 406 N.D. Miss 1992).

Respectfully
By: James McK___
James McKinnon pro se

5. Plaintiff will suffer more without an preliminary injunction than prison officials will suffer if the injunction is granted. This is called the balance of hardships. Please see, <u>Duran</u> v. <u>Anaya</u> 642 F. Supp. 510, 527 (D.N.M. 1986)(holding that prisoners interest in safety and medical outweighed state's interst in saving money by cutting staff and envelopes for access to court.

6. The United States Constitution and the Connecticut Constitution guarantee prisoners access to States and Federal Courts. Please see, <u>Bounds</u> v. <u>Smith</u>, 430 U.S. 817, 821 (1977) Also see, Conn Const. Art. 1 § 10.

7. This means that a reasonaby adequate opportunity to present claimed violations of fundamental constitutional right to the courts in the public interest to grant the preliminary injunction.

Plaintiff argument will generally be that it is always in the public interest for government officials including prison personnel, to obey the Constitution and other laws. Please see, <u>Washington</u> v. <u>Reno</u>, 35 F. 3d 1093, 1103 (6Th Cir 1994) <u>Pratt</u> v. <u>Chicago Housing Authority</u>, 848 F. Supp. 794, 796 (N.D. Ill. 1994) <u>ILQ Investment</u>, <u>Inc</u> v. <u>City</u> of Rochester 816 F. Supp 516, 527 (D. Minn 1993)(Upholding constitutionally guaranteed rights is in the public interest.).

Respectfully
By x /s/ James McK_____
James McKinnon Prose

8. Also This important difference in Legal Standards between incoming and outgoing Legal mail is easily forgotten by courts and may be ignored by Corrigan prison officials.

Please see. Woods v. O'Leary 890 F.2d 883 885-87 (7Th Cir 1989).

9. Prison officials may not censor letters just because They criticize prison conditions or personnel or offend Them in some way.

Please see. McNamara v. Moody 606 F2d 621, 623-24 (5Th Cir 1979).

10. Exhibit '1' is plaintiff letter To Assistant Ombudsman

11. Exhibit '2' is plaintiff inmate request from unit Counselor That Said violation came from the staff like That in her Box.

Byx /s/ James McKi
James McKinnen

Exhibit ① April 14, 05

/s/ James McK——

To: Coree Santillo
Assistant Ombudsman
110, Bartholomew Avenue
Suite '4010
Hartford Connecticut
06106. Tel, 860) 951-8867

From: James McKinnon
Inmate 100770
Corrigan Corretional
986, Norwich New London
Uncasville Connecticut
06382,

Subject: Privileged Correspondence

Dear, Mr. Santillo
I am making you aware of the problem since without question this Correspondence came from you, that I recieved back dated February 22, 05

Also Privileged Correspondence that came from my unit Counselor Michelle Jones on April 14, 2005 was in a Manila Envelope, not from the Ombudsman Office, and that mail was also open without me being present wich is a violation.

Please review my concerns and address.
I have forwarded the Envelope from Counselor with her name on it that came from ms. Jones April 14, 2005.

By /s/ James McK——
James McKinnon

Exhibit *James McKi[nnon]*

# Inmate Request Form
**Connecticut Department of Correction**

CN 9602
Rev. 9/3/02

**Inmate Name:** James McKinnon
**Inmate no.:** 100770
**Facility:** Corrigan
**Housing unit:** H-Unit 210
**Date:** April 14, 2005

**Submitted to:** Supervising Counselor Mr. Gubbins I am

**Request:** writing you out of good faith concerning Today, My Privileged Correspondence Came from (Ms. Jones Michelle) It was not in the Ombudsman Envelope, It was Just a open manila Envelope with her name on it, The correspondence was dated February 22, 2005, my information on habeas corpus, That She Said it was in he Box like That I request →

(continue on back if necessary)

**Previous Action Taken**

(continue on back if necessary)

**Acted on by (print name)** | **Title**

**Action Taken and/or Response**

(continue on back if necessary)

**Staff Member Signature** | **Date**

To Know The Connecticut Department iT Came From,

She has not response To my inmate request ThaT's necessary.

Thank You

C.C. I have Forwarded This Issue To much ajoie
C.C. also James Murdoch informing them of attempt resolution

# Inmate Request Form
**Connecticut Department of Correction**

CN 9602
Rev. 9/3/02

Exhibit Jam Mck

**Inmate Name:** James Lee McKinnon, Jr
**Inmate no.** 100 770
**Facility:** Corrigan
**Housing unit:** H-Unit-210
**Date:** April 14-05
**Submitted to:** Counselor Ms. Michelle Jones
**Request:** I am writing you out of good faith concerning Today you said my Privileged Correspondence That came from you not in The Ombudsman Envelope, Just a open manila Envelope with your name on it, The Correspondence Dated February 22, 2005, information on habeas corpus, That you said it was in your mail Box, I request The Department it came From. Thank You

**Previous Action Taken**

**Acted on by (print name)** | **Title**

**Action Taken and/or Response**
This mail was in my mail box already opened. It was seen by Dep. Warden Murdoch, Capt. Penn, & CCS Gubbins.

**Staff Member Signature:** M. Jones
**Date:** 4-15-05

1. James McKinnon          302 CV 2068
2.     ⎫                    362 CV 2164
3.     ⎪                    302 CV 2305
4.     ⎪                    302 CV 2306
5.     ⎪                    302 CV 2317
6.     ⎬                    302 CV 17
7.     ⎪                    303 CV 71
8.     ⎪                    303 CV 72
9.     ⎪                    303 CV 158
10.    ⎪                    303 CV 944
11.    ⎪
12.    ⎭

Plaintiff case's or complaint that I need the Envelope's for.

By: *James McK——*
    James McKinnon

I have forwarded This issue To michael P. Lajoie Warden informing him of aTTempT resolution. Also James Murdoch DepuTy Warden.

C.C.

# Inmate Request Form
**Connecticut Department of Correction**

CN 9602
Rev. 9/3/02

**Inmate Name:** James Lee McKinnon
**Inmate no.:** 100 770
**Facility:** Corrigan
**Housing unit:** H-UniT 210
**Date:** April 14, 2005
**Submitted to:** Supervising Coonselor Mr. Gubbins

**Request:** I am writing you out of good faith concerning Today, my counselor Mr. michelle Jones said To The uniT officer mr. Place That iff I come To her uniT window and She has noT Call me She is giving me a Disciplinary ReporT ouT of Place, STaff violation of AdminisTaTive DirecTive 2.17, ThaT's not procedure's To uTTer Threats against inmates' are noT in violation.

**Previous Action Taken:**

**Acted on by (print name):**
**Title:**

**Action Taken and/or Response:**
Please speak to your Unit Manager.

**Staff Member Signature:** [signature]
**Date:** 4/25/05

No Envelopes on This day of request April 14, 05

By x James McK——
James McKinnon

# Inmate Request Form
**Connecticut Department of Correction**

CN 9602
Rev. 9/3/02

**Inmate Name:** James Lee McKinnon
**Inmate no.:** 100 770
**Facility:** Corrigan
**Housing unit:** H-Unit 210
**Date:** April 14-05
**Submitted to:** Counselor Michelle Jones again

**Request:** I request free Postage for my Manila-Envelope's That Came From The Commissary

Also I request (5) Legal Envelopes I must not be deprived again you have stop me from court deadline's by hindered. Bounds v. Smith 430 U.S. 817-821 (1977)

*(continue on back if necessary)*

**Previous Action Taken**

*(continue on back if necessary)*

**Acted on by (print name)** | **Title**

**Action Taken and/or Response**

You will receive postage as needed

*(continue on back if necessary)*

**Staff Member Signature:** Capt. [signature] | **Date**

## Certification

I hereby certify That I have no Envelope To forwarded The defendant aTTorney of record, Also Though This aTTachment This claim To be True and To The best of my obility on This 3, day of May 2005

Defendants Individual Capacity

Jose Delgado, ETAL
Defendants

---

Robert B. Fiske
Assistant ATTorney general
110, Sherman Street
HartFord Connecticut
06105

Byx /s/ James McKinnon
James McKinnon
Corrigan CorrecTional
986, Norwich New London
Uncasville CT
06382

Please help me.

1 of 13