UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MCKINNON | : | PRISONER |
| | : | CIVIL ACTION NO. 3:03CV71(JBA) |
| v. | : | |
| | : | |
| | : | |
| JOSE DELGADO, ET AL | : | |
| | : | JUNE 9, 2005 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION**

This is a 42 U.S.C. §1983 action for injunctive relief by *pro se* plaintiff James McKinnon against the defendants, Jose Delgado, John Lhada, Helen Dorsey, Sandi Orelman, Yolanda Zayas, Kunjathan Thankappa, Apil Hashim, Bruono, Kozikowski, and Frank, all employees of the State of Connecticut Department of Correction.  The plaintiff claims that DOC staff have been acting to prevent him from having access to court.  But, as set forth in more detail below, the plaintiff's motion should be denied because he has not met the rigorous standard required for the issuance of a preliminary injunction.

**BACKGROUND**

The plaintiff, James McKinnon, filed a §1983 action against the above-named defendants in 2003, alleging a variety of violations to his constitutional rights.  On February 15, 2005, the plaintiff filed a memorandum of law in support of summary judgment.  The following day, the plaintiff filed a motion seeking assistance from the court to obtain a copy of his amended complaint.  On February 28, 2005, the plaintiff filed a motion for summary judgment, and then after the defendants filed their opposition, the plaintiff filed a reply on April 15, 2005.

In late May 2005, the plaintiff moved for an immediate preliminary injunction against Department of Correction staff, barring them from denying him access to the courts, thereby preventing him from meeting court deadlines. (See plaintiff's motion pg. 1). Although the plaintiff did not specifically allege in his motion the means by which the "Department of Correction staff" were denying him access to the courts, his attached exhibits suggest it is based upon an alleged lack of envelopes and postage. (Plaintiff's motion, un-numbered pgs. 10-13). However, as the responses to his grievances, his April 15, 2005 reply to the defendant's opposition to his motion for summary judgment, and the instant motion demonstrate, he was not denied access to the courts at all. Indeed, his exhibit on un-numbered page 12, states that he did not have any envelopes on April 14, 2005, yet the very next day, April 15th, he sent out the reply for the summary judgment motion. Also, the certification page of the preliminary injunction motion states that he had "no envelope to forwarded (sic) the defendant attorney general of record", yet the undersigned received his motion via the court's summary of ECF Activity e-mail notice, demonstrating that he was able to file it timely with the court and thus was not in any way denied access to the court, nor incurred any irreparable harm. Consequently, the plaintiff has not satisfied the criteria necessary for the issuance of a preliminary injunction in this case. Additionally, the plaintiff has not articulated a single instance in any of his other cases where an alleged denial of access to the courts caused him to miss a deadline and he suffered irreparable injury as a result. Therefore, for these and the reasons set forth below, the plaintiff's motion for a preliminary injunction should be denied.

## ARGUMENT

**I.    A PRELIMINARY INJUNCTION IS AN EXTRAORDINARY REMEDY.**

A preliminary injunction "is an extraordinary and drastic remedy which should not be routinely granted." *Medical Society of the State of New York v. Toia*, 560 F.2d 535, 538 (2d Cir.

1977). Instead, an injunction "should issue only where the intervention of a court of equity 'is essential in order effectually to protect . . . rights against injuries otherwise irremediable.'" *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). As the U.S. Supreme Court has warned, "the principles of equity . . . militate heavily against the grant of an injunction except in the most extraordinary circumstances." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976).

The standard for granting a preliminary injunction, which is the same standard for granting a temporary restraining order, *Allied Office Supplies, Inc. v. Lewandowski, Cox, and W.B. Mason Co. Inc.*, 261 F. Supp. 2d 107, 108 n. 2 (D. Conn. 2003), is extremely strict. As explained by the Second Circuit:

> It is by this time black-letter law that the party seeking a preliminary injunction must establish that: (1) absent injunctive relief, it will suffer an irreparable injury; and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tips in favor of the movant.

*Hickerson v. City of New York*, 146 F.3d 99, 103 (2d Cir. 1998), *cert. denied*, 525 U.S. 1067 (1999). The movant's failure to establish either requirement is fatal and compels the denial of the requested relief. *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995).

II.     **THE PLAINTIFF HAS NOT SUFFERED AN IRREPARABLE INJURY**

"Irreparable injury is the *sine qua non* for the grant of preliminary injunctive relief." *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). Indeed, a showing of probable irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2948 at 431 (1973).

To establish irreparable harm, the moving party must demonstrate an injury that is "actual and imminent," not "remote nor speculative." *Tucker Anthony Realty Corp. v. Schleslinger*, 888 F.2d 969, 975 (2d Cir. 1989). In addition, the harm must be an "injury for which a monetary award cannot be adequate compensation." *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995). As the Supreme Court has emphasized, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

In the present case, the plaintiff seeks to enjoin all of the staff at the Department of Correction from allegedly denying him access to the courts, but the plaintiff has not provided any evidence that he has been so denied. In fact, the evidence attached to his own motion, and this case's docket sheet, demonstrate that there has been no lack of access to the courts in this case. Indeed, the plaintiff has not identified a single motion or pleading that was not timely filed due to the actions of the staff of the Department of Correction, in this case or any other, which caused him irreparable harm, or even any harm at all. And even if the plaintiff feared that he may suffer irreparable harm at some point in the future, this is not sufficient, because "[a] mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." *Borey v. National Union Fire Ins., Co*, 934 F.2d 30, 34 (2d Cir. 1991).

**III.    THE PLAINTIFF CANNOT ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS OR EVEN A SUFFICIENTLY SERIOUS QUESTION GOING TO THE MERITS OF HIS CLAIM.**

The plaintiff not only has failed to establish irreparable harm, but also cannot demonstrate the second essential element for a preliminary injunction – a likelihood of success on the merits or a sufficiently serious question going to the merits coupled with a balance of hardships that tips in his favor.

The plaintiff's complaint quite simply, fails to state a claim upon which relief can be granted. Though the defendants did not timely file a motion to dismiss, this does not mitigate the fact that the plaintiff's complaint lacks merit. Rather, it merely postpones the eventual dismissal of the complaint until summary judgment has been filed by the defendants. Accordingly, the plaintiff's motion for a preliminary injunction should be denied.

## CONCLUSION

For all of the foregoing reasons, this Court should deny the plaintiff's motion for preliminary injunctive relief in its entirety.

DEFENDANTS
JOSE DELGADO, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:    __/s/_____

Robert B. Fiske, III
Assistant Attorney General
Federal Bar No. ct 17831
110 Sherman Street
Hartford, CT  06105
Tel: (860) 808-5450
Fax: (860) 808-55591
Robert.fiske@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 9th day of June, 2005 to:

James McKinnon, #100770
Corrigan Correctional Institution
986 Norwich-New London Turnpike
Uncasville, Ct 06382

                                              __/s/_____
                                              Robert B. Fiske, III
                                              Assistant Attorney General