UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MCKINNON | : | PRISONER<br>CIV. NO. 3:03CV71(JBA)(JGM) |
| V. | : | |
| JOSE DELGADO, ET AL | : | JULY 1, 2005 |

## THE DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION[1]
## TO AMEND HIS COMPLAINT

The defendants, Jose Delgado, John Lahda, Akeem Hashing, Sandy Orleman, Bruono, Kozikowski, Frank and Thankappan, (herein after "the defendants"), hereby object to the plaintiff's request to amend his complaint to add new party's and claims.

The plaintiff's memorandum of law is not in accordance with the Federal Rules, in that it was not accompanied by a motion or copy of the proposed amended complaint. F.R.C.P. Rule 7(b) & 15(a). Although the plaintiff is *pro se,* he is still required to follow the rules of civil procedure. *Salahuddin v. Coughlin*, 781 F.2d 24 (2d Cir. 1986). Moreover, by not attaching a copy of his proposed Amended Complaint to his memorandum of law, the defendants are effectively prevented from citing the deficiencies and the consequential futility of any such amendment. The plaintiff's request to amend is also improper because it seeks multiple relief. Indeed, in the first part of his memorandum the plaintiff is seeking to amend the complaint to add new party's and claims, but in the second part he is seeking permission to get an emergency health expert to be appointed due to alleged medical issues which are not part of the current complaint.

---

[1] The plaintiff has not filed a motion, but only a memorandum of law.

I.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure permit a plaintiff to amend his complaint once as a matter of course at any time before a responsive pleading has been served, but afterwards, only by leave of court or with the written consent of the adverse party. F.R.C.P. Rule 15(a). Leave shall be given only when justice so requires. *Id*. In appropriate circumstances, the district court may deny permission to amend. Three such circumstances are undue delay, bad faith, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party seeking the amended complaint bears the burden of proof in showing that no prejudice will result to the non-moving party. *King v. Cooke*, 26 F.3d 720 (7th Cir. 1994). But "delay itself may be considered prejudicial". *Tamari v. Bache & Co*. 838 F.2d 904, 908 (7th Cir. 1988), *quoting King v. Cooke*, at 728.

II.   **ARGUMENT**

    A.   **Granting Plaintiff's Request to Amend Will Be Futile, Will Delay The Resolution Of This Case And Will Unfairly Prejudice The Defendants**

The changes the plaintiff seeks to make by way of an amended complaint; adding new party's and claims[2], if granted, will not only be futile, since the one known claim of an ADA violation lacks merit and may be even barred by the Statute of Limitations or the PLRA. In addition, the granting of an amendment would unnecessarily delay the final resolution of this case as it would re-open the period for discovery, which would unfairly prejudice both the current and proposed defendants.

---

[2] As set forth herein, the plaintiff has not included a copy of his proposed amended complaint, but from the arguments in his memorandum of law it is apparent that at least one of his new allegations involves violations of the American with Disabilities Act, (ADA).

Furthermore, earlier this year the plaintiff filed a motion for summary judgment which was opposed by the defendants and for which a decision has yet to be issued. The plaintiff has served the current defendants with discovery and production demands, which would likely become even more expansive and burdensome if the plaintiff is permitted to add new party's and claims at this late stage of the case proceedings. The plaintiff has had ample time in which to bring these claims and his failure to do so should not be rewarded by granting his request to amend, especially when the current allegations, as well as the known new allegations, lack merit. Because such an amendment would not serve the interest of justice, but rather, would serve only to prejudice the defendants, it should be denied.

Therefore, given that an amendment of the complaint at this late stage of the proceedings would result in at *least* a year's delay in the final resolution of the case, unduly prejudice the defendants by subjecting them to additional discovery, and would be futile since there is no merit to any of his claims, the plaintiff's request to amend should be denied.

IV.    **CONCLUSION**

The plaintiff's memorandum of law requesting to amend the complaint is not in accordance with the Federal Rules of Civil Procedure, as it does not contain a motion, or a copy of the proposed amended complaint. F.R.C.P. rules 7 & 15. Additionally, the request is premature, as the plaintiff's summary judgment motion is still pending. Finally, the

plaintiff's proposed ADA claims are without merit and thus if the plaintiff is permitted to amend the compliant, it would not only be futile, but would be overly prejudicial to them, as they would be subjected to additional and on-going discovery.

In the event the motion for leave to amend the complaint is granted however, the defendants reserve the right to file motions to dismiss and for summary judgment, as well as to seek a modification of any discovery schedules or deadlines.

                    DEFENDANTS
                    Jose Delgado, Et Al

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL


BY: /s/_____
    Robert B. Fiske, III
    Assistant Attorney General
    Federal Bar No. # Ct.17831
    110 Sherman Street
    Hartford, CT 06105
    Tel.: (860) 808-5450
    Fax: (860) 808-5593
    e-mail: robert.fiske@po.state.ct.us


## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this, the 1rst day of July, 2005 to:

Mr. James McKinnon, 100770
Corrigan Correctional Facility
986 Norwich-New London Turnpike
Uncasville, CT 06382

                                                   /s/_____
                                                    Robert Fiske, III
                                                    Assistant Attorney General