```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| JAMES McKINNON     : |  |
| : | PRISONER |
| v.     : | Case No. 3:03CV71 (JBA)(JGM) |
| : |  |
| JOSE DELGADO, et al.     : |  |

### RULING AND ORDER [Docs. ## 58, 59, 60, 61]

Pending are four motions filed by plaintiff.

### I.   Motion for Leave to Amend [doc. #58]

Plaintiff seeks leave to file a fourth amended complaint in this case. The proposed fourth amended complaint contains no new claims or allegations, but adds medical records as exhibits.

Rule 8(a), Fed. R. Civ. P., provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Plaintiff is not required to attach to his complaint all available exhibits that support his claims. He may present detailed evidence in support of his claim at trial or in support of or opposition to a motion for summary judgment. Thus, plaintiff's motion for leave to amend [doc. #58] is denied.

### II.   Motion for Preliminary Injunction [doc. #59]

Plaintiff seeks an injunction ordering Correctional Counselor Garcia not to hinder his attempts to meet filing deadlines. Plaintiff states that he has filed many cases and must respond to eight Assistant Attorneys General. He attaches to his motion an inmate request form with response dated October

29, 2004, stating that he was required to pay for copies of an unidentified document. He also attaches a commissary sales receipt indicating that he paid $1.20 for ten manila envelopes.

The court must have in personam jurisdiction over a person before it can validly enter an injunction against that person. See Doctor's Assocs., Inc. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). The defendants in this case are named only in their individual capacities. Counselor Garcia is not named as a defendant. Thus, the court cannot issue an injunction against her.

Plaintiff's evidence does not demonstrate that the denial of free copies was related to this case. At the time of this motion for emergency relief (November 3, 2004), no counsel for defendants had yet filed an appearance. Thus, plaintiff's reference to his need to respond to eight Assistant Attorneys General could not be related to this action.

Plaintiff's motion for preliminary injunction [doc. #59] is denied.

III. Motion for Service [doc. #60]

Plaintiff asks the court to order the U.S. Marshal to effect

service on defendants Kozikowski, Frank, Hashim and Dorsey, for whom mail service was returned to the court unexecuted.

All defendants appeared in their official capacities on December 27, 2004. Defendants Dorsey, Frank and Kozikowski appeared in their individual capacities on January 21, 2005. Although he has not yet appeared, defendant Hashim signed a waiver of service of summons form on August 4, 2004, and returned the form to the court, requiring his answer or Rule 12 motion by October 4, 2004. Thus, personal service is not required.

Plaintiff's motion for service [doc. #60] is denied as moot. Defendant Hashim is directed to appear in his individual capacity within 10 days from the date of this order, coincident with filing his answer.

IV.   Motion for Appointment of Counsel [doc. #61]

Plaintiff has filed an eighth motion seeking appointment of counsel in this case. After careful review, this motion is denied.

As the court has repeatedly informed plaintiff, the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, see, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989), and requires that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v.

Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

In its rulings denying plaintiff's previous motions, the court instructed him to include in any subsequent motion specific information describing his attempts to obtain legal assistance and indicate why the assistance available from Inmates' Legal Assistance Program was inadequate. Although plaintiff now has attached letters from various legal assistance organizations, the letters do not indicate which of his many cases prompted the letters. In addition, plaintiff does not indicate why the assistance available from Inmates' Legal Assistance Program, which includes help in responding to motions filed by the defendants, drafting motions and formulating discovery requests is inadequate at this stage of litigation. Thus, plaintiff's motion [doc. #61] is denied without prejudice as premature.

V. Conclusion

Plaintiff's motion for leave to amend [**doc. #58**] and motion for preliminary injunction [**doc. #59**] are **DENIED**.

Plaintiff's motion for service [**doc. #60**] is **DENIED**. Defendant Hashim is directed to appear in his individual capacity within **ten (10)** days from the date of this order.

Plaintiff's motion for appointment of counsel [**doc. #61**] is **DENIED** without prejudice to renew at a later stage of litigation. **Any future motion for appointment of counsel shall include**

**specific information indicating why the assistance available from Inmates' Legal Assistance Program is inadequate at this stage of litigation.**

     **SO ORDERED** this 6th day of September, 2005, at New Haven, Connecticut.

                                   _____/s/_____
                                   Janet Bond Arterton
                                   United States District Judge