UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JAMES McKINNON                    :
                                  :              PRISONER
     v.                           :    Case No. 3:03CV71 (JBA)(JGM)
                                  :
JOSE DELGADO, et al.              :
```

RULING AND ORDER [Docs. ## 65, 72]

Plaintiff has filed motions seeking a copy of his proposed fourth amended complaint and a request for leave to file a fifth amended complaint.

I.   Motion for Copy [doc. #65]

Plaintiff asks the court to provide him a copy of his proposed fourth amended complaint. He does not explain why he needs the copy. Rather, plaintiff states that he is "unable to come up with argument."

Although plaintiff was permitted to file his complaint in forma pauperis pursuant to 28 U.S.C. § 1915, this status only permits him to file the action without prepayment of the filing fee. Plaintiff is not automatically entitled to copies or other materials. See Guinn v. Hoecker, 43 F.3d 1483 (10th Cir. 1994) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy); Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) ( 28 U.S.C. § 1915 does not

include the right to receive copies of court orders without payment).

Because plaintiff does not explain why he should be provided a copy of the proposed fourth amended complaint without charge or demonstrate that he cannot afford the copy fee, and his prison account record shows a balance of $33.09 as of December 16, 2004 see [Doc. #65], Ex. A, plaintiff's motion is denied without prejudice.

II. Motion to Amend [doc. #72]

Plaintiff seeks leave to file a fifth amended complaint in this case. This action concerns an incident on June 27, 2002, at the Garner Correctional Institution in Newtown, Connecticut. Plaintiff was placed in four-point restraints and forcibly injected with psychotropic medication.

The proposed fifth amended complaint seeks to add five new defendants. Four of the defendants are correctional officials and staff assigned to the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. The fifth is the Director of University of Connecticut Health Center Correctional Managed Health Care. Plaintiff appears to be trying to add claims regarding medical treatment for liver disease and denial of treatment at Corrigan-Radgowski Correctional Institution for complaints of pain in his foot. The only connection between the new claims and the claims in the third amended complaint is

plaintiff's allegation that his foot pain was the result of a correctional officer leaning on his foot during the June 27, 2002 incident.

Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires." Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962).

This case has been pending for over two years. Discovery is soon to be completed. Permitting plaintiff to add new defendants and claims relating to incidents at another correctional institution would necessitate further extending discovery and delaying resolution of this case.

The case concerns only the events of June 27, 2002, and plaintiff's attempts to obtain information regarding those events. There are no claims regarding on-going medical treatment. Thus, the claims plaintiff seeks to add do not clarify the claims in the third amended complaint. In addition, to the extent that plaintiff seeks to add claims under the

Americans with Disabilities Act concerning the actions on June 27, 2002, he already has included references to the Act in his third amended complaint.

Defendants oppose plaintiff's motion on grounds of prejudicial delay and note that plaintiff has not sent them a copy of the proposed fifth amended complaint.

Plaintiff's request for leave to file a fifth amended complaint is denied. New claims unrelated to the June 27, 2002 events at Garner should be the subject of a separate lawsuit, if timely, but not this suit.

III. Conclusion

Plaintiff's motion for a free copy of the proposed fourth amended complaint [**doc. #65**] is **DENIED** without prejudice. His motion for leave to file a fifth amended complaint [**doc. #72**] is **DENIED.**

**SO ORDERED** this 6th day of September, 2005, at New Haven, Connecticut.

```
         _____/s/_____
              Janet Bond Arterton
              United States District Judge
```