UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAMES McKINNON                  :
                                :           PRISONER
     v.                         :   Case No. 3:03CV71 (JBA)(JGM)
                                :
JOSE DELGADO, et al.            :

RULING AND ORDER [Docs. ## 68, 71]

Plaintiff has filed two motions for preliminary injunctive relief. In these motions, plaintiff seeks an order that he not be hindered in pursuing six cases in federal court. He states that he does not have envelopes to respond to court orders.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious

questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." <u>Brewer v. West Irondequoit Central Sch. Dist.</u>, 212 F.3d 738, 743-44 (2d Cir. 2000).  Where the moving party seeks a mandatory injunction, <u>i.e.</u>, injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested "will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits," the moving party must make a stronger showing of entitlement.  <u>Brewer</u>, 212 F.3d at 744 (internal quotation marks and citation omitted).  A mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested" or where "extreme or very serious damage will result from a denial of preliminary relief."  <u>Abdul Wali v. Coughlin</u>, 754 F.2d 1015, 1025 (2d Cir. 1985)(citations omitted).

   Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated.  <u>See</u> <u>Citibank, N.A. v. Citytrust</u>, 756 F.2d 273, 275 (2d Cir. 1985).  To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of

monetary damages.'"  <u>Forest City Daly Housing, Inc. v. Town of North Hempstead</u>, 175 F.3d 144, 153 (2d Cir. 1999) (quoting <u>Rodriquez v. DeBuono</u>, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases.  <u>See</u> <u>Drywall Tapers & Pointers Local 1974 v. Local 530</u>, 954 F.2d 69, 76-77 (2d Cir. 1992).  Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."  7 James W. Moore, et al., <u>Moore's Federal Practice</u> ¶ 65.04[3] (2d ed. 1995).  Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

Plaintiff alleges that he cannot meet court deadlines in six federal cases.  He does not, however, identify any deadline in this case that he has missed because he did not have an envelope and a review of the court docket reveals no missed deadlines.  Rather, the docket reveals that, since February 18, 2005, plaintiff has filed many motions and memoranda in this case alone.  Further, contrary to his allegations, plaintiff has attached to his second motion, an inmate request form dated April 20, 2005, seeking free postage.  The response indicated that

3

plaintiff will be provided postage as needed.  Thus, plaintiff has provided no evidence that he will suffer irreparable harm should this motion be denied.  Accordingly, plaintiff's motions for preliminary injunctive relief [**docs. ##68, 71**] are **DENIED** without prejudice.  If plaintiff has missed court deadlines in any other federal case, he should seek injunctive relief in that case.

**SO ORDERED** this 6th day of September, 2005, at New Haven, Connecticut.

```
        _____/s/_____
        Janet Bond Arterton
        United States District Judge
```