UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAMES McKINNON                  :
                                :              PRISONER
     v.                         :    Case No. 3:03CV71 (JBA)(JGM)
                                :
JOSE DELGADO, et al.            :

RULING AND ORDER [Docs. ## 75, 76, 78, 79, 81]

I.  Defendants' Motions for Extension of Time

Defendants move for an extension of time until September 25, 2005 to respond to plaintiff's requests for interrogatories and production. Defendants' first motion for extension of time [Doc. # 76] was filed on July 8, 2005, which is more than 30 days from the date of service of the discovery requests, which defendants acknowledge were sent on June 2, 2005. Their motion thus was untimely under Fed. R. Civ. P. 33(b) and 34(b), and for this reason defendants have waived any objections they may have to plaintiff's discovery requests.

Defendants filed a second request for extension of time [Doc. # 81] on August 26, 2005, seeking another 30 days because "defendants are still awaiting some discovery materials to be provied and will need more time to review and gather the responses than originally anticipated." On defendants' representation that they intend to respond to plaintiff's discovery requests and require additional time to compile their

answers, the Court will grant the extension.

II. <u>Motion to Compel</u>

Plaintiff has filed a motion to compel defendants to respond to his request for production of documents. For the reasons that follow, plaintiff's motion is denied without prejudice.

Rule 37(a)(2)(A), Fed. R. Civ. P., provides in relevant part:

> If a party fails to make a disclosure ..., any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court. See <u>Getschmann v. James River Paper Co., Inc.</u>, Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties").

In his motion, plaintiff states: "Plaintiff has request regarding in good faith attempted to confer with the defendants side to resolve the dispute without court action." He does not attach a copy of any letter sent to defendants or otherwise describe his attempted resolution of this matter. Without more information, the court cannot determine whether plaintiff has contacted defendants' counsel and made a good faith effort to

2

obtain responses to his discovery requests. If plaintiff decides to file another motion to compel, he is advised, first, to write to defendants' counsel and attempt to obtain responses without court intervention. If he is unsuccessful, he should describe this attempt in his motion or attach a copy of his letter to the motion.

Additionally, defendants have been granted until September 25, 2005 to comply with plaintiff's discovery requests, to which they have waived any objection. Plaintiff's motion therefore is premature.

For these reasons, plaintiff's motion to compel is denied without prejudice to renew if defendants fail to respond to plaintiff's discovery requests in a timely or complete manner.

III. Motions for Default and Default Judgment

Plaintiff has moved for entry of default against defendants for failure to answer the complaint [Doc. # 78], and an entry of default judgment [Doc. # 79]. Under Rule 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," a default shall enter. According to the January 24, 2005 scheduling order in this case [Doc. # 64], defendants' answers or motions to dismiss were due 60 days from the date of appearance. All defendants appeared through counsel in their official capacities on December 27, 2004 [Doc. # 62], and therefore their answer deadline was February 27,

2005.[1]  Defendants Dorsey, Frank and Kozikowski appeared in their individual capacities through counsel on January 21, 2005, and therefore their responsive pleadings in their individual capacities were due March 21, 2005.  The answers for these defendants are long overdue.

Nonetheless, because the parties currently are engaging in discovery, plaintiff's motion for default will be denied without prejudice to renew if defendants do not answer within 10 days of the date of this ruling.  In the absence of entry of default, plaintiff's motion for entry of default judgment is premature.

IV. Conclusion

Plaintifff's motion to compel [Doc. # 75] is **DENIED** without prejudice.  Defendants' motions for extension of time to respond to plaintiff's discovery requests [Docs. ## 76, 81] are **GRANTED**, to and including September 25, 2005.  Defendants' summary judgment motion will be due September 29, 2005.  Plaintiff's motion for default [Doc. # 78] is **DENIED** without prejudice to renew if defendants do not answer within 10 days, and his motion for default judgment [Doc. # 79] is **DENIED.**

                                         /s/
                          Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 6th day of September, 2005.**

---

[1] The Court notes that the answer deadline was erroneously entered on the docket sheet as March 27, 2005.  Regardless, the date has passed.

4