UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MCKINNON, | : | PRISONER |
|   PLAINTIFF | : | CIVIL NO. 3:03CV71(JBA) |
| | : | |
|   V. | : | |
| | : | |
| JOSE DELGADO, JOHN LAHDA, | : | |
| HELEN DORSEY, SANDY ORELMAN, | : | |
| YOLANDA ZAYAS, AND DR. | : | |
| THANKAPPAN | : | SEPTEMBER 12, 2005 |
|   DEFENDANTS | : | |

**THE DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES
TO THE PLAINTIFF'S COMPLAINT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the above-named defendants hereby file their Answer and Affirmative Defenses to the plaintiff's Complaint, dated March 31, 2003, as follows:

    **A.**    **PARTIES**

    1.    As to the allegations contained in paragraph number 1 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

    2.    As to the allegations contained in paragraph number 2 of this section, upon information and belief, they are admitted.

    3.    As to the allegations contained in paragraph number 3 of this section, upon information and belief, they are admitted.

    **B.**    **JURISDICTION**[1]

    1.    As to the allegations contained in paragraph number 1 of this section, they are denied.

---

[1] Section B of the form Complaint, entitled Jurisdiction, is not completed. Nevertheless, the defendants state their denial in the event the plaintiff 's or Court's copy is completed

    2.    As to the allegations contained in paragraph number 2 of this section, they are denied.

    **A.**    **PARTIES, Continued**

    4.    As to the allegations contained in paragraph number 4 of this section, upon information and belief, they are admitted.

    5.    As to the allegations contained in paragraph number 5 of this section, upon information and belief, they are admitted.

    6.    As to the allegations contained in paragraph number 6 of this section, upon information and belief, they are admitted.

    7.    As to the allegations contained in paragraph number 7 of this section, upon information and belief, they are admitted.

    **C.**    **NATURE OF THE CASE**

As to the allegations contained in this section, the defendants deny the plaintiff's allegation that Helen Dorsey wrote on the Level B Grievance there are no documents regarding the incident of the plaintiff's placement in four point restraints. However, the defendants admit that Ms. Helen Dorsey wrote on the Level B Grievance that there is no four point custody restraint form, but that Heath Services documents observations, evaluations, assessments, etc. are made in the clinical record, which is plaintiff's exhibit 1 attached to his Complaint.

    **D.**    **CAUSE OF ACTION**

Claim I.    As to the allegations contained in Claim I of this section, the defendants deny the plaintiff's allegation that exhibit 1 attached to his Complaint supports his claim that he notified staff of pain caused by restraints that were not flexible, and leave the plaintiff to his proof.

Claim II.   As to the allegations contained in Claim II of this section, they are unintelligible and therefore the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

Claim III.   As to the allegations contained in Claim III of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

**E.   PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

1.   As to the allegations contained in paragraph number 1 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

2.   As to the allegations contained in paragraph number 2 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

3.   As to the allegations contained in paragraph number 3 of this section, the defendants admit that the plaintiff has a clinical record attached as an exhibit to his Complaint, but deny that he has exhausted available administrative remedies.

**F.   PREVIOUSLY DISMISSED ACTIONS OR APPEALS[2]**

1.   As to the allegations contained in paragraph number 1 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

2.   As to the allegations contained in paragraph number 2 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

---

[2] Section F of the form Complaint, entitled Previously Dismissed Actions or Appeals, is not completed. Nevertheless, the defendants state their denial in the event the plaintiff 's or Court's copy is completed

### G.                    REQUESTS FOR RELIEF

The plaintiff's request for relief is denied.

### AFFIRMATIVE DEFENSES

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the defendants raise the following affirmative defenses to the allegations contained in the plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the Connecticut State Constitution.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of Connecticut State law or tort law.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants, in their individual capacity, acted reasonably and with a good faith belief that they were acting lawfully. Therefore, they are entitled to qualified immunity from any judgment of monetary damages.

## FIFTH AFFIRMATIVE DEFENSE

Any injuries, losses or damages which the plaintiff may have incurred as alleged in his Complaint, were directly or proximately caused by the plaintiff's own negligence and/or reckless conduct, which was a substantial factor in producing the alleged injuries and/or damages.

## SIXTH AFFIRMATIVE DEFENSE

In so far as plaintiffs' claims assert any violation of state law, at all times relevant to the Complaint, the defendants were state employees whose conduct was within the scope of their duties, and were not wanton, reckless or malicious. They are therefore immune from liability pursuant to Connecticut General Statutes § 4-165.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent the plaintiff seeks the recovery of money damages from the defendants upon the basis of negligence, the defendant state officials are immune from liability pursuant to Connecticut General Statutes Section 4-165 and the doctrine of sovereign immunity.

## EIGHTH AFFIRMATIVE DEFNSE

The plaintiff's failure to take appropriate steps to mitigate his alleged injuries and damages requires a proportionate reduction in any award of money damages.

## NINTH AFFRIMATIVE DEFENSE

Any award of money damages to the plaintiff as a result of this litigation is subject to seizure by the State of Connecticut pursuant to the lien pending against him for the costs of his incarceration and any other state liens in accordance with the Connecticut General Statutes.

## TENTH AFFRIMATIVE DEFENSE

The plaintiff's claims against the defendants in their official capacity are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred due to his failure to fully exhaust his administrative remedies prior to filing suit, pursuant to the Prison Litigation Reform Act.

```
                                        DEFENDANTS
                                        Jose Delgado, Et Al

                                        RICHARD BLUMENTHAL
                                        ATTORNEY GENERAL


                                           /s/
                                   BY:  Robert B. Fiske, III
                                        Assistant Attorney General
                                        110 Sherman Street
                                        Hartford, CT 06105
                                        Tel.: (860) 808-5450
                                        Federal Bar No. #ct17831
                                        e-mail: robert.fiske@po.state.ct.us
```

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this, the 12th day of September, 2005, by first class postage prepaid, to:

Mr. James McKinnon, #100770
Corrigan Correctional Institution
986 Norwich New London Turnpike
Uncasville, CT 06382

```
                                          /s/
                                        Robert B. Fiske, III
                                        Assistant Attorney General
```