United States District

Court                                    **FILED**

District   of   Connecticut          2005 SEP 23  P 4: 56

U.S. DISTRICT COURT
BRIDGEPORT, CONN

James McKinnon          |  Civil no. 3:03cv71
    Plaintiff            |
                         |  (JBA) (JGm)
    V.                   |
                         |  September 19, 2005
Jose Delgado, ETAL       |
Defendants      Individual  Capacity)

Plaintiff Memorandum of Law Support
of Motion for Summary Judgment

I James McKinnon Plaintiffs prose pursuant
To F.R. Civil. P. 56 a,b,c,d, For Summary
Judgment against the above defendants with
Separately numbered paragraphs also a
Concise statement of each material Fact as
To which the moving party contends There is
no genuine issue Tobe Tried.

Plaintiff move the court with respect To contend
There is no genuine issue Tobe Tried as To any
material Fact and That the moving party is
entitled To a judgment as a matter of law.

                                    Plaintiff
                                    By: James McKinnon
                                    James McKinnon
                                    September, 2005

        1 of 24

# Memorandum of Law in Support

Psychiatric Treatment may not be used for disciplinary purposes, nor may psychiatric confinement or isolation be imposed under degrading or excessively restrictive conditions.

Please see, Feliciano v. Barcelo 497 F. Supp. 14, 35 (D.P.R. 1979) (isolation without clothes or bedding with inadequate space, light and ventilation condemned) Johson v. Levine, 450 F. Supp. 648, 657-58 (D. Md. 1978) (psychiatric isolation cells similar to punitive segregation found unconstitutional) aff'd in pertinent part, 588 F.2d 1378, 1381 (4th Cir 1978) Please see also Rascon v. Hardiman 803 F.2d 269, 274-75 (7th Cir. 1986) (Toleration of Physical abuse to keep order in a prison psychiatric unit could violate the Constitution.

Prisoners have a right under the Due Process Clause to avoid the involuntary use of antipsychotic medication (Haldol, Prolixin, Mellaril, and similar drugs, This holding is an exception to the general rule that competent adults are entitled to refuse medical treatment under both the common law and the Fourteeth Amendment to refuse medical treatment, Please see,

Cruzan by Cruzan v. Director, Mo. Dept of Health 497 U.S. 261, 277-78, 110 S. Ct 2841 (1990)

Plaintiff
By x James mki
James McKinnon pro se

1. A. Summary Judgment may be rendered on The issue of liability alone.

2. Plaintiff understand That The court will never weigh The evidence, weigh The evidence or find The facts however The court's role under Rule 56, (a,b,c,d), F.R.C.P. narrowly limited To assessing The Threshold issue of wheTher a genuine issue exist as To material facts.

Plaintiff
By x James McKin
James McKinnon

# Memorandum of Law in Support of Summary Judgment

PsychiaTric TreatmenT may noT be used For discip-linary purposes.. Please see,

Nelson v. Heyne, 491 F.2d 352, 356-57 (7Th Cir) Tranquilizers could noT be used To keep order). Also KnechT v. Gillman, 488 F.2d 1136, 1139-40 (8Th Cir 1973)(puniTive use of drugs is unlawful) Wheeler v. Glass, 473 F.2d 983, 987 (7Th Cir. 1973) use of resTraints for discipline of mentally related youThs violated The EighTh AmendmenT) wrighT v. mcmann 460 F.2d 126, 129 (2d Cir. 1972) psychiaTric isolation cells could noT be used for disciplinary purposes.

By x James McKin
James McKinnon

3. On June 27, 2002 Defendant Jose Delgado who is employed as Captain unit Mannager in garner mental health units.

4. Jose Delgado approved the use of Four point restraints maliciously and sadistically for the purpose of Causing the plaintiff pain that was serious pain.

5. My Clothing was cut off in the restrants with staff on top of me sides with no sheets and the cell temperature was bitter cold.

6. I was not provided clothing to keep warm as I notified staff of my need for bodily function a hour the nurse came.

7. I was to stay wet in bodily functions Exhibit, cusing emotional distress from the suffered conditions of that confinemen.

Plaintiff
By x Jam mck
James McKinnan

8. Defendant John Lahda who is employed as Treatment major in garner Correctional has now removed admisstrative directive 9.4. From Legal Library To preventin Plaintiff efforts To pursue The Legal Claim.

9. because of This I became humiliation and mental health anguish From The absence of proper procedures.

10. Also emotional distress because united States Constitution and The Connecticut Constitution guarantee my acces To This Legal Claim.

Plaintiff
Byx James mckin
James mckinnon

11. Defendant Helen Dorsey who is employed as mental health and medical administrator in garner.

12. Plaintiff request on a grievance form Level -A- and -B- Appeals for the Connecticut Department of Correction Clinical record HR 401 - REV. 5/94 form with a date of June 27, 2002. Exhibit

13. The day Plaintiff was in four point restrants defendant dorsey said on Level -B- disposition dated December 13, 2003 it was no four point restrant form.

14. Because the information in need was violation that cause me much serious pain from the four point and the bodily function I was to stay wet without sheets. Exhibit.

15. without clothing that was cut off for the bitter cold cell,

Plaintiff
Byx James McKin
James McKinnon

22. Defendant Yolanda Zayaz who is employed as records employee in garner medical unit said on December 5, 2002 when she came to plaintiff cell in Segregation with a copy of my whole file.

23. She said I need to give her the date I was in the four point restraint.

24. When the plaintiff gave the date to the employee she lef, and when she came back and said to me I have to sign for it.

25. As the plaintiff was sining for the paper's information from June 27, 2002. I stop and ask to view the four point restrant information.

26. The defendant Yolanda Zayaz did not have it.

Plaintiff
By James McKinnon
James McKinnon

27. Defendant Kunjathan Thankappan who is employed as mental health Psychiatic ingarner medical.

28. On June 27, 2002, without a screening of Plaintiff mental condition that was not incompetent mentally healthy.

29. The defendant authorized two needles of medication in plaintiff Leg againts my will.

30. Plaintiff ask the nurse to stop please don't give me that, I am not mentall ill.

31. nurse Frank also defendant said its not his Judgment as he stop and phone the psychiatic and that I request not to have the medication because I was not mentally ill.

32. He came back and said the psychiatic said I don't have a choice in treatment.

Plaintiff
By James McKi
James McKinnon

33. Defendant Aqil Hashim who is employed as P-S-W, mental health Counselor in gamer That did not notify employs on June 27, 2002 That plaintiff mental health Status was not in need of medication and four point restraints from self injury.

34. I was violated by The counselor conduct of unsupported absence of proper procedures.

Plaintiff
By x James McK
James McKinnon

35. Defendant Frank Faccin who is employed as nurse in garner medical gave plaintiff on June-27,2002 Two needles of medication in The leg with defendant's Bruono and Nicholas Kozik-owski on The Top of plaintiff That was in four point restraint with Clothing That was cut off.

36. because of my condition I did not Think I was going To make it, The medication in my leg I was Sufferring From emotional distress.

Plaintiff
By× James mckin
James mckinnon

37. Defendant Bruono who is employed as Correctional officer in garner was on Top of me one side of Shell on June 27,2002 for Two needles in my Leg of mental health medication's against my will, I was scard for my life.

Plaintiff
By x James mck
James mckinnon

38. Defendant Nicholas Kozikowski who is emplowed as Correctional officer in garner Correctional was on Top of one side of Plaintiff with a Shell on June 27,2002.

39. Covering one side of Plaintiff Leg for The Two needles of mental health medication againt my will, I was scard for my life.

Plaintiff
By x James mck
James mckinnon

16. Defendant Sandi Orleman who is employed as a nurse in garner Correctional medical.

17. On June 27, 2002 defendant Sandi Orleman is the nurse to have checked on the plaintiff to periodically relaxed the restraints that was provided purpose of causing serious pain.

18. When plaintiff notified staff of the need for badily functions this nurse came much later "one hour".

19. By then plaintiff wet the bed that was without sheets, and my clothing was cut off.

20. Plaintiff was to stay on the wet bed and bitter cold.

21. Because I don't have a normal medical condition with Doe V. meachum I was concern about my removal of clothing.

Plaintiff
By× James mcKinn
James mcKinnon

(Preparing Evidence)

40. Plaintiff has important evidence with a Testimony.

41. Facts are needed to prove each of my allegations that have denied due process.

42. Plaintiff was denied Connecticut Department of Correction clinical record HR,401-REV 5/94 from date of June 27,2002 that came from office of protection and advocacy for mental health inmates. Exhibit "one"

43. Plaintiff has documents created Level-A-B- appealing that was difficult with freedom of information Act, USC, 552 and the privacy Act of 1974, 5,USC, 552, I was not given this paper work that was available in medical records. Exhibit '2' and '3'.

44. Preparing Evidence that Yolanda Zayaz said that Plaintiff need the date for four point restraints information Exhibit '4' '5' '6'

Plaintiff
By× James McKinnon
James McKinnon



# STATE OF CONNECTICUT

OFFICE OF PROTECTION AND ADVOCACY FOR
PERSONS WITH DISABILITIES
60B WESTON STREET. HARTFORD. CT 06120-1551

## CONFIDENTIAL CORRESPONDENCE

February 26, 2003

James McKinnon,  Inmate #: 100770
Garner Correctional Institution
50 Nunnawauk Road
PO 5500
Newtown, CT 06470

Dear Mr. McKinnon:

I am writing in response to your February 5, 2003 request for information concerning an incident where you were placed in four-point restraint and for documents from May 2002 regarding your request for protective custody.

DOC sent us copies of your medical and master records and  I reviewed those documents. However, I was unable to find anything concerning a  request for protective custody.  I did find a reference in the clinical records to an incident on June 27, 2002 when you were placed in restraints.

I have enclosed a copy of the document with this letter and hope this is helpful to you.

Sincerely,

William C. Pierce
Human Services Advocate

Enclosed:   1 page

14 OF 24

Case 3:03-cv-00071-JGM   Document 92   Filed 09/23/2005   Page 15 of 24

EXHIBIT-2- James P.C.C.



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601/1
Rev. 10/07/02

| Inmate Name | James Lee McKinnon | Inmate no. | 100770 |
|---|---|---|---|

| Facility | Garner | Housing unit | FortreT 214 | Date | 12-2-02 |
|---|---|---|---|---|---|

☐ Line grievance   ☐ Line emergency   ☒ Health grievance   ☐ Health emergency

1. **Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8½ by 11 inch sheet of paper and attach it to this form.)

Miss Helen Dorsey I sent by Hand by a nurse To nls Yolanda Acosta-Zayas. some paper work out of my file and it #3 weeks and she has not came with my notarize paper work. people don't Think I have The ability To perform court action effectively chang Times has develop.

3. **Action requested.** Describe what action you want taken to remedy the grievance.

address This announcement

| Inmate signature | James Lee McKinnon |
|---|---|

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

| IGP no. | 136 | | T no. | 254 |
|---|---|---|---|---|

| Date received | 12/10/02 | Disposition | Compromised | Date of disposition | 12/12/02 |
|---|---|---|---|---|---|

Grievance issue

Reasons  Will check with Yolanda Acosta Zayas regarding the above allegation. (paper work for notarization). Once again, you need to first submit form CN 9602 prior to filing a Grievance.

| Level 1 reviewer | Joan Dobson CHNS |
|---|---|

EXHIBIT 3

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601/2
Rev. 10/07/02

| Inmate Name | James Lee McKinnon | Inmate no. | 100-770 |
|---|---|---|---|

| Facility | Garner | Housing unit | | Date | 12-31-02 |
|---|---|---|---|---|---|

☐ Line grievance  ☐ Line emergency  ☒ Health grievance  ☐ Health emergency

| IGP no. | 136 | T no. | |
|---|---|---|---|

Use this form to appeal a Level 1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

**Appeal.** I am appealing the Level 1 decision because: Miss. Helen Dorsey now you are saying I ask for this information to go to Counselor Hebert! I was denied this, on 12-4-02 by yolanda Acasta-Zayas. Know one has siad for mr. Heber to have a thing. he notarized me freedo of information paper That's in my medical file for me!

| Inmate signature | James Lee McKinnon | Date | 12-31-02 |
|---|---|---|---|

### FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

| Date received | 1/13/03 | Disposition | Denied | Date of disposition | 1/13/03 |
|---|---|---|---|---|---|

**Reasons** There is no 4 pt custody restraint form. There is not any restraint form. Health Services is required to document observations, evaluations, assessments, etc. in the clinical record form (HR 401 Rev 5/94) On 8/27/02 you were placed in full stationary restraints at 1235 PM And they were removed at 820 PM. You were observed and assessed properly.

| Level 2 reviewer | Helen Dorsey HSA | Denied because this is not a grieveable issue in respect of health issues |
|---|---|---|

☐ This grievance may be appealed within 5 days to Level 3

☒ This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

**Appeal.** I am appealing the Level 2 decision because: my restraints was not Flexible and my restraints was not relaxed period Ically. and I requested To relieve my bodily functions. when The nurse came and I had bodily urine in The bed and I was To Stay wet with out sheet on The bed my rights under The Eighth Amendment have been violated.

| Inmate signature | James Lee McKinnon | Date | 1-15-03 |
|---|---|---|---|

Deposit your appeal in the box for inmate grievances

### FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

| Date received | | Disposition | | Date of disposition | |
|---|---|---|---|---|---|

**Reasons**

17 of 24

Exhibit-4- *James McKinnon*



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601/1
Rev. 10/07/02

| Inmate Name | James Lee McKinnon | Inmate no. | 100-770 |
|---|---|---|---|

| Facility Garner | Housing unit H-209 | Date 12-5-02 |
|---|---|---|

☐ Line grievance  ☐ Line emergency  ☐ Health grievance  ☒ Health emergency

**1. Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8 ½ by 11 inch sheet of paper and attach it to this form.) Miss. Helen Dorsey
I have request my information of my placement in four-point-restraints! and you ask for the date 6-27-02! Smile! Time 12:33 p.m. and The Two officer on me for the needle in my leg of medication against my will was Mr. Beene/ Mr. Kozikowski/ the nurse Mr. Frank. It's my Privileged To have a record of it! is it Legal for you to stop the Transport of that paper by Miss. yolande Pagett's 2 copies

**3. Action requested.** Describe what action you want taken to remedy the grievance. I'd like you To send me my request of information That was Legal Signatory available by Mr. Counselor Hebert! with a notary public. and you Two sent That wellmannered young Lady down To me to signature for a whole File that I question it not to have it. Better

| Inmate signature | James Lu McKinnon Jr C.C. |
|---|---|

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

| IGP no. 136 | | T no. 251 | |
|---|---|---|---|
| Date received 12/11/02 | Disposition Denied | | Date of disposition 12/20/02 |
| Grievance issue | | | |

Reasons: Due to Confidentiality, medical Can not provide information to Counselor Hebert as you requested. This is not a Grievable Matter.

| Level 1 reviewer | Joan Dobson CHNS |
|---|---|

18 of 24

Exhibit-5-  James McKinnon

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601/2
Rev. 10/07/02

| Inmate Name | James Lee McKinnon | Inmate no. | 100-770 |
|---|---|---|---|

| Facility | Garner | Housing unit | Date 12-31-02 |
|---|---|---|---|

☐ Line grievance  ☐ Line emergency  ☒ Health grievance  ☐ Health emergency

| IGP no. | 136 | T no. | 257 |
|---|---|---|---|

Use this form to appeal a Level 1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

**Appeal.** I am appealing the Level 1 decision because: Miss, Helen Dorsey now you are saying I ask for this information To go to Counselor Hebert! I was denied this on 12-4-02 by yolanda Acasta-zayas. Know one has siad for mr. Heber to have a thing. he notarized me freedom of information paper That's in my medical file for me!

| Inmate signature | James Lee McKinnon | Date 12-31-02 |
|---|---|---|

### FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

| Date received 1/13/03 | Disposition Denied | Date of disposition 1/13/03 |
|---|---|---|

**Reasons** There is no 4 pt custody restraint form. There is not any restraint form. Health services is required to document observations, evaluations, assessments, etc. in the clinical record form (HR 401 Rev 5/94) On 6/27/02 you were placed in full stationary restraints at 1235 PM and they were removed at 820 PM. You were observed and assessed properly.

| Level 2 reviewer | Helen Dorsey HSA | Denied because this is not a grievable issue in respect of health issues |
|---|---|---|

☐ This grievance may be appealed within 5 days to Level 3

☒ This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

**Appeal.** I am appealing the Level 2 decision because: my restraints was not flexible and my restraints was not relaxed period ically. and I requested To relieve my bodily functions. when the nurse came I had bodily urine in the bed and I was To stay wet with out sheet on the bed my rights under the Eighth Amendment have been violated.

| Inmate signature | James Lee McKinnon | Date 1-15-03 |
|---|---|---|

### Deposit your appeal in the box for inmate grievances

### FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

**Reasons**

IGP-136                    Tps 257



**Inmate Request Form**
Connecticut Department of Correction

| Inmate Name | | Inmate no. |
|---|---|---|
| James Lee, McKinnon | | 100-770 |

| Facility | Housing unit | Date |
|---|---|---|
| Garner | H-Unit-209 | 12-31-02 |

Request: one Time The record's Lady yolanda Zayas Said That I have To Tell her The date iT happend befor I can have iT. on-12-4-02 yolanda Zayas Came with a copy of my whole File ThaT I did noT ask for, & for I have me sign for The paper work! ThaT I ask ... is noT in This File I sToped.

Exhibit-6-

James McKinnon

21 of 24

# (Preparing Evidence)

45. during request for This information That Came From office of Protection and advocacy That I now used To establish The facts about This case.

46. Arguments That Plaintiff have relied on That was not allowed by defendants Helen Dorsey and Yolanda Zayaz is Exhibit -7- That is mental health medication againts mywill.

47. Plaintiff has Exhibit -8- That Plaintiff wet The bed That was without Sheets and was To stay on The wet Bed

48. Prison officials cannot claim They do not know The answer because plaintiff has sufficient information proving The facts

49. The foregoing factual allegations create a genuine issue of material fact and will, if proved at Trial entitle me To judgment as I explained in the motion for Summary judgment

Plaintiff
Byx James McKin
James McKinnon

Exhibit -7- -8-

James McKinnon

HR401 REV.5/94
CONNECTICUT DEPARTMENT OF CORRECTION

**CLINICAL RECORD**

| INMATE NUMBER | | DATE OF BIRTH |
|---|---|---|
| 100770 | | 11/9/61 |

INMATE NAME(LAST, FIRST, INITIAL): McKinnon, James

| SEX | RACE/ETHNIC | FACILITY |
|---|---|---|
| (M) F | (B) W H O | Garner CI |

| DATE/TIME | |
|---|---|
| 6/27/02 NSg | 1235/pm: I/m McKinnon placed in custody full stationary restraints by custody ⓢ incident. Medical assessment done by this writer = ⊕ Pulse x all extremities, nailbeds blanch / refill well ⓢ delay x all extremities, I/m able to wiggle all toes & fingers upon request. MR given to custody ————— |
| 6/27/02 NSg | 130 pm: Haldol 5mg IM ⓢ Ativan 2mg IM to I/m's ® quad per Dr Thordson. Circulatory check ⊃⊃ all extremities done ⊘ impairment of circulation noted. |
| 6/27/02 NSg | 230 pm: ® hand R+R from restraint ⓢ incident. (Good capillary ref) ⊘ circulatory impairment noted. ————— |
| 130 pm | Restraint check done. Inmate complained about ® arm. Lt. notified. ® arm removed from restraint. Range of motion done. Circulation adequate to all 4 extremities - ⊘ impairment noted. (S. Coleman) |
| 330 pm 630 pm | Quietly resting in restraints. (S. Coleman) Inmate c/o having to urinate. Urinal brought to cell. Lt. came to visit. By the time staff entered cell, Inmate had already urinated. Blanket placed underneath Inmate. Restraints in place - (Sarah Coleman) |
| 830 pm | Quietly resting in restraints. Asking when restraints will be removed. |
| 10 pm | Lt. Costas removed Inmate from restraints. No injuries to extremities noted. Circulation adequate. Meds given. U/n released. Provided 2mg p.o. Blanket & clothed in jumpsuit. Inmate to be transferred back to E/ess 214 cell — (Sarah Coleman) |

CONFIDENTIAL MEDICAL RECORDS

# Certification

I hereby certify That a copy of The foregoing was mailed To The defendants ATTorney of record This 19. Day of September, 2005

DefendanTs Individual Capacity

Jose Delgodo, ETAL
John Lahda
Helen Dorsey
Sandi Orelman
Yolanda Zayas
KunjaThan Thankappan
Aqil Hashim
Frank Faccin
Bruono
Nicholas Kozikowski

Robert B. Fiske,
Assistant ATTorney general
110, Sherman STreet
HarTford, CT 06105
(Federal Bar # cT 17831)

PlainTiff
Byx Jam McK
James McKinnon
Corrigan CorrecTional
986, Norwich New London
Uncasvill, CT
06382

24 of 24