United States District Court

District of Connecticut

**FILED**

2005 SEP 27 P 4: 25

U.S. DISTRICT COURT
BRIDGEPORT, CONN

James McKinnon
    Plaintiff

V.

Jose Delgodo. ETAL
John Lahda
Helen Dorsey?
Sandi Orelman
Yolanda Zayas
Kunjathan Thankappan
Agit Hashim
Frank Faccin
Bruono
Nicholas Kozikowski
Defendants

Civil, no. 3:03CV71

(JBA) (JGm)

September 17 ,2005

Individual Capacity?

Plaintiff Memorandum in Opposition To The Defendants Answer and Affirmative Defenses To The Plaintiff's Complaint

Plaintiff James McKinnon pro,se pursuant To Rule 12, Fed. R. Civ. P move This court To contend They Fail To establish The necessary facts in manner required by The court rules.

By|am McK
James McKinnon

2. PlainTiff ask The court To deny Their motion on The grounds That The defendants factual allegations are not correct or are incomplete.

3. PlainTiff response set forTh specific facts showing That There is a genuine issue for Trial. Rule 56, (a), (b), (c), (d), (e), Fed. R. Civ. P.

4. The aTTorney is reprenTing The defendants Jose Delgodo, John Lahda, Helen Dorsey, Sandi Orelman, Yolanda Zayas, KunjaThan-Thankoppan, in answer and defenses dated SepTember 12, 2005,

5. The defendaTs who have alredy been served, defendant aTTorney have not arrange To accept service for The unserved defendanTs Aqil Hashim, and Frank Faccin, also Nicholas KoziKowski.

6. They have To contact each defendanT To get authorizaTion To do This.) Also will probadly I have To agree That This procedure does not bind The STaTe, city or counTy To represenT These named defendanTs unTil They requesT represen-TaTion.

Byx James McKinnon

James McKinnon prose

7. Each defendant is required to serve an answer to plaintiff complaint within (60 days. Rules 12,a, (1),a, 12,a, 3, Fed. R. Civ. P.

8. After a copy of the complaint and summons has been served upon them, if waived service he has 60, days after sending the a waiver to serve an answer. Rule 12,a, (1) B, Fed. R. Civ. P. This provision is part of the 1993 amendments to the rules.

9. Alternatively, the defendant's may elect not to file an answer, and may instead file one of the motions permitted under Rule 12, these include a motion to dismiss or for judgment on the pleadings or Rule 56, Fed. R. Civ. P. Rule,56 governs motions for summary judgment.

10. If the defendant files a motion that is not granted, he will generally be required to answer within ten days after the court decides the motion Rule 12,a, 4, Fed. R. Civ. P.

11. An answer is a reply to plaintiff complaint either admitting or denying each statement contained in the paragraphs of the complaint, or stating that the defendant's does not know whether a particular statement is true, which has the same legal effect as a denial of plaintiff allegations. Rule 8,b, Fed. R. Civ. P.

By: James McKinnon
James McKinnon

12. Because The defendants Fails To File a response To The plaintiff complaint within The Time period plaintiff may seek a default judgment against The defendants

13. Defendants simply do not respond To Lawsuit. and a default judgment is The proper remedy For This problem. please see,

Default judgments may also be entered in extreme cases of refusal To comply with court rules or procedures. Wahl V. McIver, 773, F2d 1169, 1174 (11Th Cir. 1985) Rule 37, b, 2, C, Fed. R.C.P. (authorizing default judgment for certain discovery violations) Rule 16, F, Fed. R. Civ. P. (authorizing Rule 37, b, 2, C, sanctions for violations of preTrial procedure requirements).

14. A default can be entered against The defendants who has been properly served. Pleas see, Feist V. Jefferson County Commission-ers Court, 778 F.2d 250, 252 (5Th Cir. 1985) default judgment could not be granted without proper service

By James McK
James McKinnon prose

15. Defendants who has failed to plead or otherwise defend," as the rules require. Please see, Rule 55.a, Fed. R. Civ. P. a failure to file an answer within the time prescribed by law, to bring a motion raising a Rule 12.b, defense within that time, or to request an extension of time to file an answer constitues a failure to plead or otherwise defend.

16. In deciding whether a default judgment should be set aside, the court should consider whether the party obtaining the default would be prejudiced, whether the defaulting party has a meritorious defense, and whether the default resulted from the defaulting parties' culpable or willful conduct. Please see,
Benny v. Pipes, 799 F.2d 489, 494 (9th Cir. 1986) guards who knowingly failed to answer the complaint were culpable, default not vacated.

17. Default judgments are not a favored request, courts prefer to decide cases on exhibits and their merits. Wahl v. McIver, 773 F.2d at 1174 requiring exceptional circumstances to justify a default judgment).

By: *James McKinnon*
James McKinnon

18. Most important The plaintiff start off by Trying To deTermine what facts are needed To prove The allegations of default.

19. PlainTiFF has First scheduling order with a date of January 24, 2005, Exhibit 'A'

20. PlainTiFF has a motion with defendants Jose Delgodo, John Lahda, Helen Dorsey, Sandi Orelman, Yolanda Zayas, Kunjathan Thankappan, Aqil Hashim, Frank Faccin, Bruono, Nicholas Kozikowski. Exhibit 'B'

21. PlainTiFF has Defendants aTTorney answer dated spTember 12, 2005 with ooT all defendants named in complainT, Exhibit C,

ThaTs Fail To esTablish The necessary facts in The manner reqired by The courT Rules.

By Jam mckin

Exhibit "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

James McKinnon

FILED

JAMES MCKINNON                    :
                                  :        PRISONER
        v.                        :    DOCKET NO. 3:03cv71(JBA)(JGM)
                                  :        2005 JAN 24  P 3: 11
JOSE DELGADO, et al               :

FIRST SCHEDULING ORDER            U.S. DISTRICT COURT
                                  NEW HAVEN, CT

The plaintiff has filed this Section 1983 complaint against the defendant(s). The first appearance in this action was filed on December 27, 2004.

Preparation for trial should proceed at this time on claims in the complaint which have not been dismissed or withdrawn. **All discovery and further proceedings in this case are limited to this claim/these claims.**

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Defendant shall file any motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or motions to dismiss as frivolous under Title 28 U.S.C. Section 1915(e), or answer or other reply within 60 days of the date on which the appearance was filed. **Failure to respond to the complaint in a timely manner will result in the entry of default for failure to plead.**

2. If either party determines that an early settlement conference would be beneficial in this case, he shall file a motion seeking a settlement conference within 90 days of the date on which the appearance was filed.

3. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed within six months (180 days) of the date on which the appearance was filed. Discovery requests need not be filed with the court.

4. All motions for summary judgment shall be filed within seven months (210 days) of the date on which the appearance was filed.

5. Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection. If the motion is granted, the complaint will be dismissed as to all defendants, appearing and non-appearing and the case will be closed. The case will **not** proceed to trial.

SO ORDERED this 24th day of January, 2005, at New Haven, Connecticut.

Joan G. Margolis
U.S. Magistrate Judge

Exhibit (B)    Jam McK

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JAMES MCKINNON        :     PRISONER

                      :     CIVIL ACTION NO. 3:03CV71(JBA)

     v.              :

                      :

JOSE DELGADO, ET AL     :

                      :     JUNE 9, 2005

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Exhibit

This is a 42 U.S.C. §1983 action for injunctive relief by *pro se* plaintiff James McKinnon against the defendants, Jose Delgado, John Lhada, Helen Dorsey, Sandi Orelman, Yolanda Zayas, Kunjathan Thankappa, Apil Hashim, Bruono, Kozikowski, and Frank, all employees of the State of Connecticut Department of Correction. The plaintiff claims that DOC staff have been acting to prevent him from having access to court. But, as set forth in more detail below, the plaintiff's motion should be denied because he has not met the rigorous standard required for the issuance of a preliminary injunction.

### BACKGROUND

The plaintiff, James McKinnon, filed a §1983 action against the above-named defendants in 2003, alleging a variety of violations to his constitutional rights. On February 15, 2005, the plaintiff filed a memorandum of law in support of summary judgment. The following day, the plaintiff filed a motion seeking assistance from the court to obtain a copy of his amended complaint. On February 28, 2005, the plaintiff filed a motion for summary judgment, and then after the defendants filed their opposition, the plaintiff filed a reply on April 15, 2005.

In late May 2005, the plaintiff moved for an immediate preliminary injunction against Department of Correction staff, barring them from denying him access to the courts, thereby preventing him from meeting court deadlines. (See plaintiff's motion pg. 1). Although the plaintiff did not specifically allege in his motion the means by which the "Department of Correction staff" were denying him access to the courts, his attached exhibits suggest it is based upon an alleged lack of envelopes and postage. (Plaintiff's motion, un-numbered pgs. 10-13). However, as the responses to his grievances, his April 15, 2005 reply to the defendant's opposition to his motion for summary judgment, and the instant motion demonstrate, he was not denied access to the courts at all. Indeed, his exhibit on un-numbered page 12, states that he did not have any envelopes on April 14, 2005, yet the very next day, April 15th, he sent out the reply for the summary judgment motion. Also, the certification page of the preliminary injunction motion states that he had "no envelope to forwarded (sic) the defendant attorney general of record", yet the undersigned received his motion via the court's summary of ECF Activity e-mail notice, demonstrating that he was able to file it timely with the court and thus was not in any way denied access to the court, nor incurred any irreparable harm. Consequently, the plaintiff has not satisfied the criteria necessary for the issuance of a preliminary injunction in this case. Additionally, the plaintiff has not articulated a single instance in any of his other cases where an alleged denial of access to the courts caused him to miss a deadline and he suffered irreparable injury as a result. Therefore, for these and the reasons set forth below, the plaintiff's motion for a preliminary injunction should be denied.

## ARGUMENT

## I.    A PRELIMINARY INJUNCTION IS AN EXTRAORDINARY REMEDY.

A preliminary injunction "is an extraordinary and drastic remedy which should not be routinely granted." *Medical Society of the State of New York v. Toia*, 560 F.2d 535, 538 (2d Cir.

2

1977).  Instead, an injunction "should issue only where the intervention of a court of equity 'is essential in order effectually to protect . . . rights against injuries otherwise irremediable.'" *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).  As the U.S. Supreme Court has warned, "the principles of equity . . . militate heavily against the grant of an injunction except in the most extraordinary circumstances." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976).

The standard for granting a preliminary injunction, which is the same standard for granting a temporary restraining order, *Allied Office Supplies, Inc. v. Lewandowski, Cox, and W.B. Mason Co. Inc.*, 261 F. Supp. 2d 107, 108 n. 2 (D. Conn. 2003), is extremely strict.  As explained by the Second Circuit:

> It is by this time black-letter law that the party seeking a preliminary injunction must establish that: (1) absent injunctive relief, it will suffer an irreparable injury; and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tips in favor of the movant.

*Hickerson v. City of New York*, 146 F.3d 99, 103 (2d Cir. 1998), *cert. denied*, 525 U.S. 1067 (1999).  The movant's failure to establish either requirement is fatal and compels the denial of the requested relief. *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995).

## II.    THE PLAINTIFF HAS NOT SUFFERED AN IRREPARABLE INJURY

"Irreparable injury is the *sine qua non* for the grant of preliminary injunctive relief." *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).  Indeed, a showing of probable irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2948 at 431 (1973).

3

To establish irreparable harm, the moving party must demonstrate an injury that is "actual and imminent," not "remote nor speculative." *Tucker Anthony Realty Corp. v. Schleslinger*, 888 F.2d 969, 975 (2d Cir. 1989). In addition, the harm must be an "injury for which a monetary award cannot be adequate compensation." *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995). As the Supreme Court has emphasized, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

In the present case, the plaintiff seeks to enjoin all of the staff at the Department of Correction from allegedly denying him access to the courts, but the plaintiff has not provided any evidence that he has been so denied. In fact, the evidence attached to his own motion, and this case's docket sheet, demonstrate that there has been no lack of access to the courts in this case. Indeed, the plaintiff has not identified a single motion or pleading that was not timely filed due to the actions of the staff of the Department of Correction, in this case or any other, which caused him irreparable harm, or even any harm at all. And even if the plaintiff feared that he may suffer irreparable harm at some point in the future, this is not sufficient, because "[a] mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." *Borey v. National Union Fire Ins., Co*, 934 F.2d 30, 34 (2d Cir. 1991).

## III.     THE PLAINTIFF CANNOT ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS OR EVEN A SUFFICIENTLY SERIOUS QUESTION GOING TO THE MERITS OF HIS CLAIM.

The plaintiff not only has failed to establish irreparable harm, but also cannot demonstrate the second essential element for a preliminary injunction – a likelihood of success on the merits or a sufficiently serious question going to the merits coupled with a balance of hardships that tips in his favor.

4

The plaintiff's complaint quite simply, fails to state a claim upon which relief can be granted. Though the defendants did not timely file a motion to dismiss, this does not mitigate the fact that the plaintiff's complaint lacks merit. Rather, it merely postpones the eventual dismissal of the complaint until summary judgment has been filed by the defendants. Accordingly, the plaintiff's motion for a preliminary injunction should be denied.

## CONCLUSION

For all of the foregoing reasons, this Court should deny the plaintiff's motion for preliminary injunctive relief in its entirety.

DEFENDANTS
JOSE DELGADO, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: 

Robert B. Fiske, III
Assistant Attorney General
Federal Bar No. ct 17831
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-55591
Robert.fiske@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of

the Federal Rules of Civil Procedure on this 9th day of June, 2005 to:


James McKinnon, #100770
Corrigan Correctional Institution
986 Norwich-New London Turnpike
Uncasville, Ct 06382

_____
Robert B. Fiske, III
Assistant Attorney General

Exhibit (C)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES MCKINNON,                          :        PRISONER
    PLAINTIFF                            :        CIVIL NO. 3:03CV71(JBA)
                                :
         V.                               :
                                  :
JOSE DELGADO, JOHN LAHDA,                 :
HELEN DORSEY, SANDY ORELMAN,              :
YOLANDA ZAYAS, AND DR.                    :
THANKAPPAN                                :        SEPTEMBER 12, 2005
    DEFENDANTS                           :

## THE DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the above-named defendants hereby file their Answer and Affirmative Defenses to the plaintiff's Complaint, dated March 31, 2003, as follows:

**A.**    **PARTIES**

1.    As to the allegations contained in paragraph number 1 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

2.    As to the allegations contained in paragraph number 2 of this section, upon information and belief, they are admitted.

3.    As to the allegations contained in paragraph number 3 of this section, upon information and belief, they are  admitted.

**B.**    **JURISDICTION**[1]

1.    As to the allegations contained in paragraph number 1 of this section, they are denied.

---

[1]  Section B of the form Complaint, entitled Jurisdiction, is not completed.  Nevertheless, the defendants state their denial in the event the plaintiff 's or Court's copy is completed

2.      As to the allegations contained in paragraph number 2 of this section, they are denied.

**A.      PARTIES, Continued**

4.      As to the allegations contained in paragraph number 4 of this section, upon information and belief, they are admitted.

5.      As to the allegations contained in paragraph number 5 of this section, upon information and belief, they are admitted.

6.      As to the allegations contained in paragraph number 6 of this section, upon information and belief, they are admitted.

7.      As to the allegations contained in paragraph number 7 of this section, upon information and belief, they are admitted.

**C.      NATURE OF THE CASE**

As to the allegations contained in this section, the defendants deny the plaintiff's allegation that Helen Dorsey wrote on the Level B Grievance there are no documents regarding the incident of the plaintiff's placement in four point restraints. However, the defendants admit that Ms. Helen Dorsey wrote on the Level B Grievance that there is no four point custody restraint form, but that Heath Services documents observations, evaluations, assessments, etc. are made in the clinical record, which is plaintiff's exhibit 1 attached to his Complaint.

**D.      CAUSE OF ACTION**

Claim I.      As to the allegations contained in Claim I of this section, the defendants deny the plaintiff's allegation that exhibit 1 attached to his Complaint supports his claim that he notified staff of pain caused by restraints that were not flexible, and leave the plaintiff to his proof.

2

Claim II.        As to the allegations contained in Claim II of this section, they are unintelligible and therefore the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

Claim III.        As to the allegations contained in Claim III of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

## E.    PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.        As to the allegations contained in paragraph number 1 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

2.        As to the allegations contained in paragraph number 2 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

3.        As to the allegations contained in paragraph number 3 of this section, the defendants admit that the plaintiff has a clinical record attached as an exhibit to his Complaint, but deny that he has exhausted available administrative remedies.

## F.    PREVIOUSLY DISMISSED ACTIONS OR APPEALS[2]

1.        As to the allegations contained in paragraph number 1 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

2.        As to the allegations contained in paragraph number 2 of this section, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

---

[2]   Section F of the form Complaint, entitled Previously Dismissed Actions or Appeals, is not completed. Nevertheless, the defendants state their denial in the event the plaintiff 's or Court's copy is completed

3

G.  **REQUESTS FOR RELIEF**

The plaintiff's request for relief is denied.

## AFFIRMATIVE DEFENSES

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the defendants raise the following affirmative defenses to the allegations contained in the plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the Connecticut State Constitution.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of Connecticut State law or tort law.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants, in their individual capacity, acted reasonably and with a good faith belief that they were acting lawfully.  Therefore, they are entitled to qualified immunity from any judgment of monetary damages.

4

### FIFTH AFFIRMATIVE DEFENSE

Any injuries, losses or damages which the plaintiff may have incurred as alleged in his Complaint, were directly or proximately caused by the plaintiff's own negligence and/or reckless conduct, which was a substantial factor in producing the alleged injuries and/or damages.

### SIXTH AFFIRMATIVE DEFENSE

In so far as plaintiffs' claims assert any violation of state law, at all times relevant to the Complaint, the defendants were state employees whose conduct was within the scope of their duties, and were not wanton, reckless or malicious.  They are therefore immune from liability pursuant to Connecticut General Statutes § 4-165.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent the plaintiff seeks the recovery of money damages from the defendants upon the basis of negligence, the defendant state officials are immune from liability pursuant to Connecticut General Statutes Section 4-165 and the doctrine of sovereign immunity.

### EIGHTH AFFIRMATIVE DEFNSE

The plaintiff's failure to take appropriate steps to mitigate his alleged injuries and damages requires a proportionate reduction in any award of money damages.

### NINTH AFFIRMATIVE DEFENSE

Any award of money damages to the plaintiff as a result of this litigation is subject to seizure by the State of Connecticut pursuant to the lien pending against him for the costs of his incarceration and any other state liens in accordance with the Connecticut General Statutes.

5

## TENTH AFFRIMATIVE DEFENSE

The plaintiff's claims against the defendants in their official capacity are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred due to his failure to fully exhaust his administrative remedies prior to filing suit, pursuant to the Prison Litigation Reform Act.

DEFENDANTS
Jose Delgado, Et Al

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:    Robert B. Fiske, III
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT 06105
       Tel.: (860) 808-5450
       Federal Bar No. #ct17831
       e-mail: robert.fiske@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this, the 12th day of September, 2005, by first class postage prepaid, to:

Mr. James McKinnon, #100770
Corrigan Correctional Institution
986 Norwich New London Turnpike
Uncasville, CT 06382

Robert B. Fiske, III
Assistant Attorney General

7

Exhibit 'D'

Jam mckin

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MCKINNON | | PRISONER |
| | : | CIVIL NO. 3:03CV71(JBA)(JGM) |
| V. | : | |
| DELGADO, ET AL. | : | JANUARY 20, 2005 |

## **APPEARANCE**

### **TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:**

Please enter my appearance as counsel for the following defendants: Frank Faccin, Nicholas Kozikowski, and Helen Dorsey, in their individual capacity only, in the above-captioned case.

Dated at Hartford, Connecticut, this 20th day of January, 2005.

DEFENDANTS
Delgado, Et Al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert B. Fiske, III
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-Mail: robert.fiske@po.state.ct.us
Federal Bar #ct17831

## Certification

I hereby certify That a copy of The Foregoing was mailed To The defendants Attorney of record This 17,Th Day of September 2005

Defendants   Individual   Capacity)

Jose Delgodo; ETAL
John Lahda
Helen Dorsey
Sandi Orelman
Yolanda Zayas
Kunjathan Thankappan
Aqil Hashim
Frank Faccin
Bruono
Nicholas Kozikowski

Robert B. Fiske
Assistant attorney General
Federal Bar No, ct 17831
110, Sherman Street
Hartford Connecticut
           06105

Plaintiff
By< James Mckin
James Mckinnon
Corrigan Correctional
986, Norwich New London
Uncasville CT
           06382