UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MCKINNON, | : | PRISONER |
| PLAINTIFF | : | CIVIL NO. 3:03CV71(JBA) |
| | : | |
| V. | : | |
| | : | |
| JOSE DELGADO, JOHN LAHDA, | : | |
| HELEN DORSEY, SANDY ORELMAN, | : | |
| YOLANDA ZAYAS, AQIL HASHIM, | : | |
| BRUONO, FRANK FACCIN, | : | |
| KOWZIKOWSKI, AND DR. | : | |
| THANKAPPAN | : | OCTOBER 14, 2005 |
| DEFENDANTS | : | |

## THE DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the above-named defendants hereby file their Answer and Affirmative Defenses to the plaintiff's Amended Complaint, (hereinafter referred to as the "Complaint"), dated August 13, 2004, as follows:

**A.   PARTIES**

1. As to the allegations contained in paragraph number 1, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

2. As to the allegations contained in paragraph number 2, they are admitted as to all times alleged in the Complaint.

3. As to the allegations contained in paragraph number 3, it is admitted that at all times alleged in the Complaint, Jose Delgado was employed as a captain in Garner Correctional and was acting under color of state law, but deny knowledge or information sufficient to form a belief that this defendant "approved use of four point restraints shift supervisor", and any remaining allegations contained therein, and leave the plaintiff to his proof.

4. As to the allegations contained in paragraph number 4, it is admitted that at all times alleged in the Complaint, John Lahda was employed as a major in Garner Correctional and

was acting under color of state law, but deny this "defendant has removed the administrative directive 9.4 from the law library to prevent[ ] the plaintiff efforts to pursue a legal claim", and any remaining allegations contained therein.

5. As to the allegations contained in paragraph number 5, it is admitted that at all times alleged in the Complaint, Aqil Hashim was employed as a mental health counselor in Garner Correctional and was acting under color of state law, but deny the allegation that "the defendant did not notify the employ's the plaintiff mental health status was not in need of four point restraints from self injury", as it is unintelligible as drafted and contains a double negative, and any remaining allegations contained herein are also denied.

6. As to the allegations contained in paragraph number 6, it is admitted that at all times alleged in the Complaint, Thankappan was a doctor employed at Garner Correctional and was acting under color of state law, but deny knowledge or information sufficient to form a belief that this defendant authorized two needles of medication in the plaintiff leg against his will, and any remaining allegations contained herein, and leave the plaintiff to his proof.

7. As to the allegations contained in paragraph number 7, it is admitted that at all times alleged in the Complaint, Frank Faccin was employed as a nurse in Garner Correctional and was acting under color of state law, but deny knowledge or information sufficient to form a belief that this defendant put "medication in the plaintiff leg again[ns]t [his] will", and any remaining allegations contained herein, and leave the plaintiff to his proof.

8. As to the allegations contained in paragraph number 8, it is admitted that at all times alleged in the Complaint, Bruono was employed as a correctional officer in Garner Correctional and was acting under color of state law, but deny that when "the plaintiff was in four point restraints this officer was on top of the plaintiff with a shell covering", and deny knowledge or information sufficient to form a belief as to the allegation "for two needles in the

plaintiff leg of medication against the plaintiff will", and any remaining allegations contained therein and leave the plaintiff to his proof.

    9.    As to the allegations contained in paragraph number 9, it is admitted that at all times alleged in the Complaint, Kozikowski was employed as a correctional officer in Garner Correctional, was acting under color of state law, and that the plaintiff was in four point restraints for part of 6-27-02, but deny the allegation that "this officer was on top of the plaintiff covering one side of a shell, and deny knowledge or information sufficient to form a belief as to the allegation that "two needles in the plaintiff leg against his will", and any remaining allegations contained therein and leave the plaintiff to his proof.

    10.    As to the allegations contained in paragraph number 10, it is admitted that at all times alleged in the Complaint, Sandy Orleman was employed as a nurse in Garner Correctional, was acting under color of state law, was a nurse who examined the plaintiff after the restraints were removed and noted no injury, that the plaintiff notified staff of the fact of a need for bodily functions, and subsequently wet the bed, but deny all remaining allegations contained therein.

    11.    As to the allegations contained in paragraph number 11, it is admitted that at all times alleged in the Complaint, Yolanda Zayas was employed at Garner Correctional, and was acting under color of state law, but deny knowledge or information sufficient to form a belief as to all remaining allegations contained therein and leave the plaintiff to his proof.

    12.    As to the allegations contained in paragraph number 12, it is admitted that at all times alleged in the Complaint, Helen Dorsey was employed at Garner Correctional, was acting under color of state law, and that this defendant is "on plaintiff grievance form Level B, with date 12-31-02", but deny all remaining factual allegations contained therein and leave the plaintiff to his proof. With respect to the legal reference, it is neither admitted or denied, as it is not an allegation pertaining to the actions or inactions of any defendant and thus is inappropriate in a Complaint.

**Memorandum Support Four Point Restraints**

13.     As to the allegations contained in paragraph number 13, they are denied, but it is admitted that DOC A.D. 6.5(8)(B) provides in part that "an inmate placed in restraints longer than one (1) hour shall be placed on restrictive status …".

14.     As to the allegations contained in paragraph number 14, they are denied, but it is admitted that DOC A.D. 6.5(8)(C) provides in part that "Normally, full stationary restraints shall be 'soft, wide and flexible'".

15.     As to the allegations contained in paragraph number 15, they are denied, but it is admitted that DOC A.D. 6.5(8) provides in part that "a shift supervisor may utilize full stationary restraints only when it is necessary to protect the inmate from self injury, an immediate threat of assault to staff or inmate, or to prevent damage to a cell …".

16.     As to the allegations contained in paragraph number 16, it is admitted that the use of four point restraints shall be approved by the shift supervisor, the unit administrator shall review within five hours the decision, the shift supervisor shall observe the inmates on this status at least twice per shift, the inmate shall be observed by staff at least every fifteen minutes or continuously by health services, and health services staff shall observe the inmate at least twice in a twenty-four hour period, and at least every two hours the restraints must be totally removed or serially removed and each limb of the inmate, in accordance with DOC A.D. 6.5 (8)(B), but the defendants deny knowledge or information sufficient to form a belief as to any remaining allegations contained therein and leave the plaintiff to his proof.

17.     As to the allegations contained in paragraph number 17, they are denied, but it is admitted that A.D. 6.5(8)(C)4 provides in part, that "the inmate shall be offered and allowed to attend to bodily functions at a minimum, every two hours".

### Memorandum Support

18.  As to the legal reference, citation and statements of the law in paragraph 18, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of any defendant and thus the defendants object to responding, as it is inappropriate in a Complaint.

19.  As to the legal references, citations and statements of the law in paragraph 19, they are neither admitted or denied, as they are not allegations pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint.

20.  As to the legal references, citations and statements of the law in paragraph 20, they are neither admitted or denied, as they are not allegations pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint.

21.  As to the legal reference, citation and statement of the law in paragraph 21, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint.

### Memorandum Support Plaintiff's Exhibits

1.  As to the legal reference and statement of the law in paragraph 1 of this section, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint.

2.  As to the legal reference, citation and statement of the law in paragraph 2 of this section, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions

or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint.

3.     As to the legal reference and statement of the law in paragraph 3 of this section, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint. However, any allegation by the plaintiff that he has a disability recognized by the ADA, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

4.     As to the legal reference and statement of the law in paragraph 4 of this section, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint. However, as to the allegation that the plaintiff has mental impairments, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

5.     As to the legal reference, citation and statement of the law in paragraph 5 of this section, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint. However, as to any allegation by the plaintiff that he has a handicap, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

6.     As to the legal reference, citation and statement of the law in paragraph 6 of this section, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint. However, any allegation by the plaintiff that he has an infectious disease or is

handicapped, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

7. As to the legal reference, citation and statement of the law in paragraph 7 of this section, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint. However, any allegation by the plaintiff that he has the "Human immunodeficiency virus", the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

8. As to the legal references, citations and statements of the law in paragraph 8 of this section, they are neither admitted or denied, as they are not allegations pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint. However, any allegation by the plaintiff that he has an infectious disease or is disabled, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

9. As to the legal reference and citation of the law in paragraph 9 of this section, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint. Moreover, it is unknown to what the plaintiff is referring in the statement "[t]hese obligations" contained herein, thus the defendants deny knowledge or information sufficient to form a belief as to any allegations contained herein, and leave the plaintiff to his proof.

10. As to the legal reference and citation of the law in paragraph 10 of this section, it is neither admitted or denied, as it is not an allegation pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint. As to any remaining allegations contained herein, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

### Memorandum Support Plaintiff's Exhibits

11.     As to the legal references and citations of the law in paragraph 11 of this section, they are neither admitted or denied, as they are not allegations pertaining to the alleged actions or inactions of a defendant and thus the defendants object to responding, as it is inappropriate in a Complaint.  Moreover, it is unknown to what the plaintiff is referring in the statement "[t]his definition" contained herein, thus the defendants deny knowledge or information sufficient to form a belief as to any allegations contained herein, and leave the plaintiff to his proof.

12.     As to the allegations contained in paragraph 12 of this section, that the plaintiff is a disabled person and has rights under the Americans with Disabilities Act of 1990, the defendants deny knowledge or information sufficient to form a belief, and leave the plaintiff to his proof, and deny any remaining allegations contained therein.

### Statement of Material Facts Under American With Disabilities Act, Clinical Facts to Support Plaintiff's Claims Are Exhibits (ADA) Act, 42 U.S.C. § 12101, et seq.

1.     As to the allegations contained in paragraph 1 of this section, it is admitted that "Exhibit A" attached and marked as such to the plaintiff's Complaint, is a Connecticut Department of Correction Physician's Orders form, but deny knowledge or information sufficient to form a belief as to the alleged contents therein, as the document speaks for itself, and leave the plaintiff to his proof.

2.     As to the allegations contained in paragraph 2 of this section, it is admitted that "Exhibit B" attached and marked as such to the plaintiff's Complaint, is a Connecticut Department of Correction Physician's Orders form, but deny knowledge or information sufficient to form a belief as to the alleged contents therein, as the document speaks for itself, and leave the plaintiff to his proof.

3. As to the allegations contained in paragraph 3 of this section, it is admitted that "Exhibit C" attached and marked as such to the plaintiff's Complaint, is a Connecticut Department of Correction Physician's Orders form, but deny knowledge or information sufficient to form a belief as to the alleged contents therein, as the document speaks for itself, and leave the plaintiff to his proof.

4. As to the allegations contained in paragraph 4 of this section, the defendants deny knowledge or information sufficient to form a belief as to the contents of "Exhibit D", and leave the plaintiff to his proof, as Exhibit D is not attached to the Amended Complaint served upon the defendants, or available on the PACER system.

5. As to the allegations contained in paragraph 5 of this section, the defendants deny knowledge or information sufficient to form a belief as to the contents of Exhibit E, and leave the plaintiff to his proof, as Exhibit E is not attached to the Amended Complaint served upon the defendants, or an attached exhibit on PACER.

6. As to the allegations contained in paragraph 6 of this section, the defendants deny knowledge or information sufficient to form a belief as to the contents of Exhibit F, and leave the plaintiff to his proof, as Exhibit F is not attached to the Amended Complaint served upon the defendants, or an attached exhibit on PACER.

**Form Complaint**

3. As to the allegations contained in paragraph 3 of this section, that the plaintiff has exhausted his administrative remedies with Level 1 and level 2 inmate grievance forms, they are denied, and as to the remaining allegations contained therein, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

## REQUESTS FOR RELIEF

Any requests for relief are denied.

## AFFIRMATIVE DEFENSES

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the defendants raise the following affirmative defenses to the allegations contained in the plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the United States Constitution or any federal law.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the Connecticut State Constitution.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of Connecticut State law or tort law.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants, in their individual capacity, acted reasonably and with a good faith belief that they were acting lawfully.  Therefore, they are entitled to qualified immunity from any judgment of monetary damages.

**FIFTH AFFIRMATIVE DEFENSE**

Any injuries, losses or damages which the plaintiff may have incurred as alleged in his Complaint, were directly or proximately caused by the plaintiff's own negligence and/or reckless conduct, which was a substantial factor in producing the alleged injuries and/or damages.

**SIXTH AFFIRMATIVE DEFENSE**

In so far as plaintiffs' claims assert any violation of state law, at all times relevant to the Complaint, the defendants were state employees whose conduct was within the scope of their duties, and were not wanton, reckless or malicious. They are therefore immune from liability pursuant to Connecticut General Statutes § 4-165.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent the plaintiff seeks the recovery of money damages from the defendants upon the basis of negligence, the defendant state officials are immune from liability pursuant to Connecticut General Statutes Section 4-165 and the doctrine of sovereign immunity.

**EIGHTH AFFIRMATIVE DEFNSE**

The plaintiff's failure to take appropriate steps to mitigate his alleged injuries and damages requires a proportionate reduction in any award of money damages.

**NINTH AFFRIMATIVE DEFENSE**

Any award of money damages to the plaintiff as a result of this litigation is subject to seizure by the State of Connecticut pursuant to the lien pending against him for the costs of his incarceration and any other state liens in accordance with the Connecticut General Statutes.

## TENTH AFFRIMATIVE DEFENSE

The plaintiff's claims against the defendants in their official capacity are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred due to his failure to fully exhaust his administrative remedies prior to filing suit, pursuant to the Prison Litigation Reform Act.

DEFENDANTS
Jose Delgado, Et Al

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: ___/s/_____
Robert B. Fiske, III
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Federal Bar No. #ct17831
e-mail: robert.fiske@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this, the 12th day of October, 2005, by first class postage prepaid, to:

Mr. James McKinnon, #100770
Corrigan Correctional Institution
986 Norwich New London Turnpike
Uncasville, CT 06382

___/s/_____
Robert B. Fiske, III
Assistant Attorney General