UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MCKINNON | : | PRISONER |
| *Plaintiff* | : | NO. 3:03CV71(JBA)(JGM) |
| | : | |
| v. | : | |
| | : | |
| JOSE DELGADO, ET AL | : | |
| *Defendants* | : | OCTOBER 25, 2005 |

### DEFENDANT'S OPPOSTION TO PLAINTIFF'S MOTION
### TO COMPEL PRODUCTION OF DOCUMENTS

The defendants hereby object to the plaintiff's Motion to Compel Production of Documents. The plaintiff's motion should be denied, because it is not in accordance with the Federal Rules of Civil Procedure. Indeed, the plaintiff has not made a good faith effort to resolve the dispute with the undersigned and his statement of such is not certified. F.R.C.P. Rule 37(a)(2)(A). Although the plaintiff has alleged in paragraph four of his motion, that he "has contacted defendant's counsel and made a good faith effort to obtain responses to the discovery requests . . .", the undersigned has no recollection of receiving anything from the plaintiff regarding his discovery requests, only a myriad of motions regarding other issues. In addition, even if he had done so, his statement of such is not certified as required by the Rule. *See* F.R.C.P. Rule 37(a)(2)(A). Consequently, the plaintiff's Motion to Compel should be denied.

However, the undersigned recognizes that aside from splitting hairs, discovery is due to the plaintiff. In that regard, upon receipt of the plaintiff's Motion to Compel, a letter was promptly sent to the plaintiff seeking a good faith resolution of this issue, namely a request that the plaintiff provide the undersigned with a copy of all the discovery requests which are outstanding in order to ensure that the undersigned possesses a copy of all the requests for which the plaintiff seeks responses. The purpose of this request is to prevent a potential future dispute

over what discovery requests were provided and which were not.  Since the plaintiff no doubt has a copy of his requests, it would not be overly burdensome to him to provide the copies and will enable prompt and full disclosure without additional issues.

      Finally, the plaintiff is currently engaged in serious settlement negotiations with the Office of the Attorney General with respect to all of his litigation involving the Department of Correction, including this case.  The plaintiff's interest in settlement is further evidence by his filing of a Motion for a Settlement Conference in this case, on September 27, 2005, which was entered as item # 93 on the Docket on September 29, 2005.  Thus, there is a possibility that the issue of the discovery owed to the plaintiff will become moot in the event a settlement is reached.  Moreover, the plaintiff has already filed his motion for summary judgment, and if the defendant's request for an extension of time to oppose it is granted, he will not be prejudiced in any further delay[1] in the production of the discovery.

      WHEREFORE, given the deficiencies in the plaintiff's motion, the good faith effort of the undersigned to resolve the dispute, the on-going settlement negotiations with the plaintiff, and the lack of prejudice to the plaintiff, his Motion to Compel should be denied.

---

[1] The undersigned counsel for the defendants moved today for a three week extension of time, *nuc pro tunc*, to provide the discovery to the plaintiff, due in part to the on-going settlement negotiations and in part to a good faith request of the plaintiff to minimize potential future issues.

2

                                                           DEFENDANTS
                                                           THERESA LANTZ, ET AL

                                                           RICHARD BLUMENTHAL
                                                           ATTORNEY GENERAL


BY:    /s/_____
          Robert B. Fiske, III
          Assistant Attorney General
          Federal Bar No. ct 17831
          110 Sherman Street
          Hartford, CT 06105
          Tel: (860) 808-5450
          Fax: (860) 808-5591
          e-mail: robert.fiske@po.state.ct.us


## **CERTIFICATION**

     I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this, the 25th day of October, 2005, first class postage prepaid to:

     Mr. James McKinnon, #100770
     Corrigan Correctional Institution
     986 Norwich-New London Turnpike
     Uncasville, CT 06382

                                                     /s/_____
                                                   Robert B. Fiske, III
                                                   Assistant Attorney General